GEORGE E. WILLIAMSON ET AL. v. M. A. DAVEY ET AL.

Decided November 18, 1908.

**Contract—Guaranty—Breach—Defense.**

Defendants sold to plaintiffs a tract of land and guaranteed the performance by the lessees of a certain oil lease which was appurtenant to the land and was transferred with it; plaintiffs sued the defendants for damages for breach of the contract by the lessees and in the alternative for a rescission of the sale. The defendants answered:

(1) That plaintiffs failed to exercise ordinary care and diligence to protect defendants on their guaranty against the lessees.

(2) That plaintiffs permitted the lessees to assign their lease contract to a third party without defendants' consent, and looked to such third party for the performance of the contract.

(3) That plaintiffs first breached the contract by failing to pay the purchase money for the land according to the terms of the sale.

(4) And that the covenant of guaranty was not binding as to one of the defendants because the deed was executed by an attorney in fact who had no authority to execute said covenant for said defendant.

Held, the matters plead in defense having been sustained by proof, the plaintiffs were not entitled either to damages or to a rescission of the sale.

Error from the Tenth Judicial District, Galveston County.   Tried below before Hon. Lewis Fisher.

*Jas. B. & Chas. J. Stubbs* and *Bryan & McRea,* for plaintiffs in error. —If the court holds the guaranty by Davey to Williamson was an absolute guaranty, then the guarantor was required to take notice of his principal's failure, and Davey would become liable immediately for such failure, and Williamson was not required to give notice of such failure. 14 Am. & Eng. Ency. Law, 1141-1149, 1153.

If the guaranty was conditional, then it was a collateral contract to the main contract, and the guarantee, when there is a breach of contract, must first resort to the principal (or to the principal and guarantor jointly) for redress, and in this case each and every act of Williamson in bringing suit and trying to prove up his claim in bankruptcy against the Quina Oil Company, as well as trying to get judgment against Quina and Espalla, was but using that due diligence and good business caution which the law and the terms of his contract imposed on him, and did not in any manner estop Williamson from requiring Davey to make good his guaranty after Williamson had failed to recover from Quina and Espalla, who were nonresidents, and the Quina Oil Company, which was insolvent, especially as no damage was done Davey.   14 Am. & Eng. Ency. Law, 1150-1154 et seq.; Brant, Surety and Guaranty, p. 3, note 3 and pars. 31, 84, 85, 100, 170, 171, 175; Rev. Stats., arts. 304, 3811, 3812, 3819, 1203, 1204, 1257, 1259; Texas Imp. Co. v. Griswold, 41 S. W., 513.

The facts showing that Quina and Espalla had assigned the lease to the Quina Oil Company on July 9, 1903, without the knowledge or consent of the lessors, the assignment was void, and that Davey had inserted the guaranty in the deed and delivered it to Williamson on July 13, 1903, at a time when the contract was already breached by this assignment, if it could be breached that way, and that Davey was on the ground and saw the work being done by Quina and Espalla, and that the work was being done in the name of the Quina Oil Company, without protest from Davey, he is estopped to now question that method of doing the work under the contract; and Williamson having testified, uncontradicted, that he did not know until December, 1903, that the Quina Oil Company was an incorporated concern, and that the lease had been assigned by Quina and Espalla to it, and had not consented to the assignment, and that he was in constant communication with Davey, who was present and knew all the facts, and had made no objection to what was being done; and the further fact that Davey advised Williamson to employ his, Davey's, attorney, and advised what course to pursue, and was cognizant of what was being done by Williamson, constituted an acquiescence by Davey in the acts of Williamson and estop him from complaining of same.   14 Am. & Eng. Ency Law, 1150 et seq.; Rev. Stats., art. 3250; Burrow v. Zapp, 69 Texas, 474; Slaughter v. Moore, 17 Texas Civ. App., 233; 14 Am. & Eng. Ency. Law, 1163, 1168, note 9.

Davey having represented to Williamson that he, Davey, had authority from Hill to execute a general warranty deed, and to bind Hill by the guaranty, which was false, and which was an essential part of the transaction, and it appearing that Williamson would not have paid his

money and made the purchase but for this false representation, then he was clearly entitled to a rescission of the sale, as to Davey, and cancellation of the note for the balance due and a judgment against Davey for the $11,250 actually paid him. Blythe v. Speake, 23 Texas, 430; Scalf v. Thompkins, 61 Texas, 477.

*Geo. G. Clough,* for defendant in error.—Plaintiffs having elected to affirm the sale, can not now rescind. Roeder v. Robson, 20 Texas, 754; Rogers v. Green, 35 Texas, 730; Lera v. Freiberg, 22 S. W., 236.

Vendee who is in default in payment of purchase money can not have his action without offering to pay and depositing the money in court. McPherson v. Johnson, 69 Texas, 484; Estes v. Browning, 11 Texas, 244; Stone v. Boon, 73 Texas, 549.

A vendee who is in default can not recover damages or the penalty of the bond; he must purge his default before he can have his suit. Whitman v. Castlebury, 8 Texas, 441.

A vendee can not be permitted to renounce his contract and yet enjoy the advantages resulting from its complete execution. The fact of his ability to pay any recovery that may be had on the notes is altogether immaterial, or rather it aggravates the tortious character of his possession, as it shows clearly that his failure to comply with his obligation arises from a deliberate abandonment of his contract, and a design to be unfaithful to the duties imposed upon him by law, the principles of equity, and the force of his own stipulations. Browning v. Estes, 3 Texas, 463; Estes v. Browning, 11 Texas, 243; Fullerton v. Doyle, 18 Texas, 4.

The liability of a guarantor can not be extended, by implication or otherwise, beyond the actual terms of his engagement. It does not matter that the proposed alteration would even be for his benefit; the case must be brought strictly within the terms of the guaranty. Smith v. Montgomery, 3 Texas, 209; McRea v. McWilliams, 58 Texas, 333.

Creditors must strictly comply with the terms of the guaranty, else guarantor is released. 31 Am. Dec., 296; 56 Am. Dec., 137.

Alteration of the terms of the contract by change in the firm releases guarantor. 14 Ency. Law, p. 1163, n. 7.

Payment of balance of purchase money, after notice, is an act of bad faith, which relates back and contaminates the whole transaction; hence Williamson, having made frequent payments on account, after the recording of the power of attorney, can not now claim that he was deceived, and that but for the representations he would not have so paid. Fraim v. Frederick, 32 Texas, 294.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by plaintiffs in error, George E. Williamson and W. G. Handling, against defendants in error, M. A. Davey and J. H. Hill, to recover $31,125 damages upon an alleged breach of guaranty made by the latter to plaintiff Williamson, guaranteeing the performance by M. A. Quina and Joseph Espalla of an oil lease contract; and, in the alternative, to rescind a sale of certain oil lands made by defendants to Williamson, to which lands the lease contract above mentioned was appurtenant, and to recover the purchase money.

The defendants, after interposing a number of special exceptions to plaintiffs' petition, pleaded specially (1) that plaintiffs failed to exercise ordinary care and diligence to protect them on their guaranty against Quina and Espalla; (2) that plaintiffs permitted said lessees to assign their contract to the Quina Oil Company, a corporation, without defendants' consent, and looked to the company, instead of Quina and Espalla, for its performance; and (3) that plaintiffs first breached the contract by failing to pay the purchase money for the land according to the terms of the contract of sale.

Besides pleading these matters, defendant Hill filed a plea of *non est factum* that his power of attorney to Davey, under which his interest in the land and appurtenant lease was sold, expressly provided that his attorney in fact should not bind him by any covenants of warranty whatever, and that, therefore, the guaranty as to him was void.

The trial was without a jury and resulted in a judgment for the defendants.

The assignments of error assail the trial court's conclusions of fact and of law. While we adopt such conclusions, it is unnecessary to state them *in extenso*. But we deem it sufficient to say that the evidence is reasonably sufficient to prove all the defensive matters pleaded, and that, under the law governing such facts, plaintiffs were not entitled to recover the damages sued for, nor to a rescission of the contract of sale.

The assignments are overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.