ROYAL PETROLEUM CORPORATION ET AL V. HONORABLE CLAUDE MCCALLUM, DISTRICT JUDGE, ET AL.

EFFIE REED DEARING V. HONORABLE R. T. BROWN, DISTRICT JUDGE, ET AL.

No. 7649. Decided January 31, 1940.
Rehearing overruled March 20, 1940.
(135 S. W., 2d Series, 958.)

544

*J. D. Williamson, Tom P. Scott* and *W. E. Cureton,* all of Waco, *Black, Graves & Stayton* and *Chas. L. Black,* all of Austin, for petitioners, Royal Petroleum Corporation and for respondents Brown, District Judge, and others.

The petition filed herein by Mrs. Effie Reed Dearing is fatally defective and ought to be dismissed or the relief prayed for denied because said petition does not set forth the pleadings that are necessarily determinative of the jurisdiction of the Rusk County court or attach copies of the same as exhibits. Ratto v. Levy Bros, 63 Texas 278; Wiggins v. Steiner, 103 Ala. 655, 16 So. 8; 34 C. J. 493.

Mrs. Dearing does not have the right to join the Royal Petroleum Corporation as a party in the Dallas County Court because its plea of privilege, previously filed, and as to which Mrs. Dearing dismissed, was good, and would be good against any subsequent attempt to join it as a defendant in the Dallas County suit. Driscoll v. Casstevens, 110 S. W. (2d) 958; Dial v. Martin 8 S. W. (2d) 241; Sharpe v. Land Owners Oil Assn., 127 Texas 147, 92 S. W. (2d) 435.

*Dan Moody,* of Austin, *Williard McLaughlin* and *Leonard Gorin,* both of Waco, *W. B. Harrell* and *Russell Allen,* both of Dallas, for Mrs. Effie Reed Dearing and respondent Claude McCallum, District Judge.

The exclusive jurisdiction to determine the validity of the conveyance of plaintiff's interest in the trust estate created by the will of her husband, deceased, was vested in the 101st District Court of Dallas County. Cleveland v. Ward, 116 Texas 1, 285 S. W. 1070; First Natl. Bank v. Hannay, 123 Texas 203, 67 S. W. (2d) 215; Jackson v. Elliott, 49 Texas 62.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

### PRELIMINARY STATEMENTS.

In 1922 the partnership of R. H. Dearing & Sons was created by written contract. It consisted of R. H. Dearing, Willis R. Dearing and Roy E. Dearing, each owning a one-third interest in all of the properties and business of the partnership. The

written articles provided that the partnership should be continued after the death of any partner by the successors or successor. This partnership accumulated properties of considerable value, including a part of the stock of Royal Petroleum Corporation.

Roy E. Dearing died January 20, 1932, leaving a will which was duly probated. By this will he bequeathed certain properties to his wife, Effie Reed Dearing, and bequeathed to his brother, Willis R. Dearing, as trustee, his entire interest in the partnership of R. H. Dearing & Sons, as well as all stock owned by him in Royal Petroleum Corporation. He provided that Willis R. Dearing should hold all such properties in trust, and should pay annually to his wife, Effie Reed Dearing, during her lifetime the net profits to which he or his estate might be entitled as a partner in R. H. Dearing & Sons. At her death any unpaid income and his share in the partnership were bequeathed one half to Willis R. Dearing and the other one half to his sons, Herman A. Dearing and Robert Moffatt Dearing. The will provided that Effie Reed Dearing should make an election as between the rights given her under the will and any community rights that she might have in the same property.

Effie Reed Dearing elected to take under the will, and the partnership continued under its articles of creation as before.

On May 6, 1933, Effie Reed Dearing entered into a contract of conveyance of her interest in the partnership of R. H. Dearing & Sons, received by her under the will of her deceased husband, and of his interest in the Royal Petroleum Corporation. This took the form of a tripartite agreement. Three instruments were executed, all of the same date and were as follows:

(1) Effie Reed Dearing executed conveyance to R. H. Dearing & Sons for a recited consideration of $10.00 and other considerations expressly set out in the conveyance. The principal consideration was the sum of $40,000, payable as evidenced by the instrument next hereinafter mentioned. Said conveyance conveyed the following interests:

"1. All my rights, titles, interests and claims in and to the partnership estate of R. H. Dearing & Sons, whether herein specifically set out or not, and this conveyance, transfer and assignments is to vest and hereby vests in the grantees herein all title to real estate, oil and gas leases, royalties, interest in oil runs and all payments to be made for oil runs and any payments to be made out of oil under contracts or otherwise, and all contracts, equipment and assets of every kind, and all claims, accounts and choses in action, and everything of every

kind, character and description and wherever situated or located which has been acquired by R. H. Dearing & Sons from the date of the original partnership agreement dated as of August 1st, 1922, down to date, or which may be acquired in the future by R. H. Dearing & Sons.

"2. All rights, titles, interests, claims, life estates and benefits and uses given and granted to me by and under the will of my deceased husband, Roy E. Dearing (and which will is probated in Dallas County, Texas) in Items 4 and 5 of such will.

"3. All my rights, title, interest and claim in stock of the Royal Petroleum Corporation, except Two and one-half (2 1/2) shares, for which there has been issued to me Certificate No. ——, in such Corporation, bearing this date."

This instrument also contained a provision as follows:

"As a part of the consideration for the execution of this instrument, said R. H. Dearing & Sons, and/or Royal Petroleum Corporation accepting this instrument agree to cancel and release any and all claims that they or each of them might have or assert against Mrs. Effie Reed Dearing, or her deceased husband, Roy E. Dearing, and/or the estate of Roy E. Dearing, deceased, and further, that said Royal Petroleum Corporation and R. H. Dearing & Son shall hold harmless said Mrs. Effie Reed Dearing from any and all claims, demands or causes of action that might be asserted against her individually by any creditor, or other person, firm or corporation in connection with either her interest or the interest of her deceased husband, or his estate, in and to said business herein named, it being the intention that Mrs. Effie Reed Dearing be released in full and held harmless from any and all liabilities of R. H. Dearing & Sons, and/or Royal Petroleum Corporation, and further, that any and all payments made by R. H. Dearing & Sons, and/or Royal Petroleum Corporation for her account or the account of Roy E. Dearing, or his estate shall be, and are in all things cancelled as of this date."

(2) As above indicated, the major consideration for the conveyance was the sum of $40,000 to be paid in money received from oil production from a three-eighth interest in a certain lease on three acres of land. Apparently R. H. Dearing & Sons owned one-half interest in this 3/8ths, while Royal Petroleum Corporation owned the other one-half. R. H. Dearing & Sons first conveyed to Royal Petroleum Corporation the one-half interest owned by it, and in turn Royal Petroleum Corporation, joined by R. H. Dearing & Sons, conveyed to Effie Reed Dearing

the full three-eighth interest, the granting provision being as follows:

"Do hereby bargain, sell, transfer, assign and convey unto the said Mrs. Effie Reed Dearing, her heirs and assigns, three-eighths (3/8ths) of all of the oil in to and under the above described property and that may be saved produced and marketed from said property (being three-eighths) (3/8ths) of the full eight-eight (8/8ths) until the said Mrs. Effie Reed Dearing her heirs and assigns shall have received the total sum of $40,000.00 free and clear of all costs of drilling, equipping the well, cost of operation, taxes, including ad valorem, gross production and any and all taxes, standardization of the property, and in fact to be free and clear and net and delivered to the credit of the said Effie Reed Dearing, assignee, her heirs and assigns into the pipelines with which said well may be connected and this assignment being effective from and after May 1, 1933."

This instrument contained a joint covenant on the part of Royal Petroleum Corporation and R. H. Dearing & Sons that the lease was to be kept in operation so long as commercially profitable, or until the $40,000 was fully paid, and after said payment the said three-eighth interest was to revert to or be reconveyed to Royal Petroleum Corporation.

(3) There was executed by Royal Petroleum Corporation and R. H. Dearing & Sons, and accepted by Effie Reed Dearing, an instrument in the form of a guaranty agreement. This instrument recited that Effie Reed Dearing in consideration of all of the oil, gas and minerals produced from the three-eighths interest in said lease, until the sum of $40,000 was paid, had sold and released all her right, title and interest in the partnership of R. H. Dearing & Sons and in the Royal Petroleum Corporation. Said instrument further recited that Royal Petroleum Corporation and R. H. Dearing & Sons had that day conveyed to Effie Reed Dearing said mineral interest until said $40,000 was fully paid. It was also recited that it was the desire of Royal Petroleum Corporation and R. H. Dearing & Sons to guarantee to Effie Reed Dearing the full and complete payment of said $40,000 in all events, if same was not paid out of the oil and gas produced from said mineral interest. The instrument then contained the joint and several guarantee by the parties to Effie Reed Dearing of the full payment of said $40,000 in cash net to her out of the proceeds of the oil and gas produced from said mineral interest assigned to her and further guaranteeing the payment of same in any and all events.

■ As stated above, all of these instruments were executed contemporaneously, and were each and all an essential and inseparable part of one contract. Farm & Home Savings & Loan Ass'n. v. Martin, 126 Texas 417, 88 S. W. (2d) 459.

In November, 1932, R. H. Dearing died, and in proper manner his interest in the partnership passed to Willis R. Dearing, who owned an interest in the partnership in his own right and also as trustee under the will of Roy E. Dearing. The partnership of R. H. Dearing & Sons continued, Willis R. Dearing individually and as trustee being the sole constituent and owner of same and its properties.

### PROCEEDING IN SUIT IN DALLAS COUNTY.

On March 20, 1933, Effie Reed Dearing as plaintiff filed suit in the 101st District Court of Dallas County against Willis R. Dearing, as surviving partner of R. H. Dearing & Sons, and individually. Subsequently, new parties were made and various proceedings were had over a period of some three years. On December 20, 1938, Willis R. Dearing died. He left a will and his legal representatives were made parties to the suit. This was Cause 14898-E.

On March 28, 1939, Effie Reed Dearing, plaintiff, filed her fifth amended petition in said cause, and in that petition for the first time made Royal Petroleum Corporation a party. It becomes necessary to note with some particularity the allegations of that petition.

(1) After formal parts, it sets out the articles of partnership of date August 1, 1922, under which the partnership of R. H. Dearing & Sons came into existence.

(2) It sets out the facts of the death of Roy E. Dearing, the probating of his will, the acceptance thereunder, and the will is set out in haec verba.

(3) The pleader's construction of the will is then set out, with allegation of superior knowledge on the part of Willis R. Dearing as to the nature of the business of R. H. Dearing & Sons, as well as the true value of its properties.

(4) Next is set out in full the instrument of conveyance of date May 6, 1933, by Effie Reed Dearing to R. H. Dearing & Sons, which is liberally quoted from above.

(5) This allegation is followed by one to the effect that as one of the considerations for the execution of said conveyance

R. H. Dearing & Sons caused to be conveyed to Effie Reed Dearing the three-eighth mineral interest above described, from which plaintiff was to receive the proceeds of oil production up to the sum of $40,000. It is also alleged that Willis R. Dearing caused to be assigned to Effie Reed Dearing a note in the sum of $4,970.80 payable at the rate of $500 per month.

(6) Plaintiff next alleges that the conveyance of May 6, 1933, was void for three specific reasons, and, if not wholly void, was voidable for three specific reasons.

(7) Plaintiff offered to refund all that she had received under the transaction of May 6, 1933.

(8) It is next alleged that Willis R. Dearing as trustee had failed to render proper accounts of his trusteeship, and this is followed by allegations that in the operation of the partnership business of R. H. Dearing & Sons large profits have been made, of which one-third rightfully belonged to plaintiff. It is further alleged in this connection that the trustee has converted and applied to his own use a large part of said profits and income, and that he has also mixed and commingled same with property and moneys of R. H. Dearing & Sons and Royal Petroleum Corporation. It is further alleged that commingled funds and funds in which plaintiff had an interest, by reason of the fact that the purported conveyance above mentioned was void, were used in the acquisition of numerous leases and other oil and mineral properties covering a large number of tracts of land.

(9) In Subdivision 25 of the petition plaintiff makes the following allegation:

"Plaintiff is informed and believes and charges that Royal Petroleum Corporation unlawfully, knowingly and fraudulently participated with the said Willis R. Dearing in the breach of his trust, and unlawfully, knowingly and fraudulently appropriated to its own use and benefit moneys and properties belonging to the trust estate and co-mingled the same with its own moneys and properties, and with such co-mingled moneys and properties acquired and now has in its own name the following described properties:" (Here follows a long list of oil and gas leases, most of which affect lands in Rusk County.)

Subdivision 26 of the petition is as follows:

"Plaintiff is informed and believes and charges that other properties, a description of which she is not able to give, have been acquired by the defendant, Royal Petroleum Corporation,

with said mixed and comingled moneys and properties; and she further charges that the said moneys and properties were so co-mingled that the trust funds or properties can not be segregated or the amount thereof ascertained; and she further charges that by reason of the wrongs and trespasses committed by said Royal Petroleum Corporation as aforesaid, it became and is a constructive trustee; and that all of the properties described in paragraph 25 above and standing in the name of Royal Petroleum Corporation, as well as any and all other properties standing in the name of Royal Petroleum Corporation which were purchased with such co-mingled moneys and properties, have become and are subject to and impressed with a trust in favor of this plaintiff. That the plaintiff did not learn of the wrongs and trespasses of Royal Petroleum Corporation, as herein alleged, until about March, 1938."

There are other allegations concerning pipeline companies, which are made parties to the suit, and money in bank, but in our judgment it is not necessary to notice them in detail.

(10) In paragraph 30 plaintiff sets out several reasons showing necessity for appointment of receiver, and this paragraph concludes as follows:

"Plaintiff would further show that this is a suit to set aside a fraudulent purchase of property, and a suit where the plaintiff is jointly interested in properties and funds with the defendants, and a suit for an accounting; plaintiff alleges that she has no adequate remedy at law and that unless a receiver is appointed, she will suffer irreparable loss and injury."

(11) Plaintiff then sets out a long prayer, which among other things included the following:

(a) Appointment of a receiver to take charge of the partnership of R. H. Dearing & Sons and of all funds, moneys and properties standing in the name of R. H. Dearing & Sons, Willis R. Dearing and Royal Petroleum Corporation, and such funds, moneys, properties, etc., as may have been acquired with the commingled funds of R. H. Dearing & Sons, Willis R. Dearing and Royal Petroleum Corporation.

(b) That upon final hearing the will of Roy E. Dearing, deceased, be construed and that the trust therein created be determined to be an express active trust and a spendthrift trust for the benefit of plaintiff, and that the purported bill of sale and assignment made by plaintiff to R. H. Dearing & Sons, dated about May 6, 1933, be cancelled, set aside and decreed to be null and void.

(c) That one-third of the moneys, funds and properties of R. H. Dearing & Sons and all of the properties of whatever kind and character and wheresoever situated standing in the name of Willis R. Dearing, R. H. Dearing & Sons and Royal Petroleum Corporation, or either of them, whether herein described or not, which have been purchased and acquired with moneys and funds which were commingled with the funds, moneys and properties of this trust estate and of this plaintiff be decreed to be the properties of this trust estate.

(d) For all necessary orders making effective the judgment of the court to the extent of awarding plaintiff one-third of all moneys, funds, properties, etc., standing in the name of R. H. Dearing & Sons, or purchased with the commingled funds of R. H. Dearing & Sons, Willis R. Dearing and Royal Petroleum Corporation. All relief prayed for was against all defendants alike.

After service upon Royal Petroleum Corporation to answer the foregoing petition, said corporation filed in said district court its plea of privilege to have said suit, as thus made, to be tried in Rusk County, Texas, its plea in this regard being as follows:

"That this is a suit for the recovery of lands, and to remove the emcumbrances on lands, and to quiet title to same, and to prevent and stay waste on lands, as shown by plaintiff's Fifth Amended Petition herein, and that none of such lands embraced within said suit, are situated in Dallas County, Texas, and that the statutes of the State of Texas confer exclusive venue of this suit on the district court of one of the counties in which such land is situated; and this defendant says that Rusk County is a county in which part of the land embraced in this suit is situated, and that the district court of Rusk County has jurisdiction to try this cause."

Plaintiff filed no controverting affidavit, but two days after the filing of said plea of privilege the court entered the following order:

"On this, the 15th day of April, 1939, the plaintiff in the above entitled and numbered cause, through her attorneys, appeared and presented in open court plaintiff's motion for nonsuit as to Royal Petroleum Corporation; and it appearing to the Court that at the time of the presentation of such motion for nonsuit the plea of privilege heretofore filed herein by Royal Petroleum Corporation had not been presented to the Court and the Court had not announced or entered any order or judgment

upon said plea of privilege, and that said motion for non-suit should be in all things granted:

"It is, therefore ordered, adjudged and decreed by the Court that this cause be and the same is hereby dismissed without prejudice as to the said Royal Petroleum Corporation and at plaintiff's cost."

It should be added that in said case defendant Royal Petroleum Corporation, subject to its plea of privilege, but not waiving said plea, and expressly insisting on same, filed a plea in abatement, on the ground that from the face of plaintiff's petition it was shown that there was a misjoinder of causes of action. The defendant representing R. H. Dearing & Sons filed a like plea.

### PROCEEDING IN SUIT IN RUSK COUNTY.

On April 26, 1939, which was some ten days after Royal Petroleum Corporation was dismissed from the Dallas County suit, "Effie Reed Dearing, a feme sole, widow of Roy E. Dearing, deceased," filed original petition in the District Court of Rusk County, Texas. Royal Petroleum Corporation and the legal representatives of R. H. Dearing & Sons and Willis R. Dearing were parties defendant. This was Cause No. 14293. Briefly this petition, among other things, contained allegations as follows:

(1) That plaintiff was the widow of Roy E. Dearing, and legatee and devisee under his will. The will was set out in full. It was also alleged that said will had been duly probated and plaintiff had elected under same.

(2) Next is set out in full the articles under which the partnership of R. H. Dearing & Sons came into existence.

(3) The petition then alleges the conveyance of May 6, 1933, by Effie Reed Dearing to R. H. Dearing & Sons, and sets out said conveyance in full.

(4) The petition then alleges the institution of the suit in Dallas County, reciting some of the material allegations made therein, and giving a resume of the relief sought in that suit.

(5) After other allegations, the facts with reference to the making of Royal Petroleum Corporation a party to the Dallas County suit, as well as its dismissal from said suit, are set forth in the following language:

"That thereafter this plaintiff by her fifth amended original petition, filed under leave of the District Court of Dallas County,

Texas, sustituted the said Nannie Clinton Dearing, Herman A. Dearing and Robert Moffat (Jack) Dearing, individually and as Independent Executors and Trustees of the Estate of Willis R. Dearing, deceased, in place of the said Willis R. Dearing, and also made the said Royal Petroleum Corporation a party to said suit, alleging, among other things, in said fifth amended original petition that the said Royal Petroleum Corporation had participated with the said Willis R. Dearing in the breach of his trust and had acted with and aided and abetted him in committing divers wrongs and injuries to the trust estate and to this plaintiff, and that the said Royal Petroleum Corporation had unlawfully and wrongfully appropriated to its own use and benefit certain moneys, funds and properties belonging to said trust estate and to said partnership and had mixed and co-mingled such moneys, funds and properties with its own, and with such mixed and co-mingled moneys, funds and properties had purchased and acquired the properties hereinafter mentioned and described, which said Royal Petroleum Corportation was claiming as its own; and prayed that, among other relief, the properties acquired by said Royal Petroleum Corporation with said mixed and co-mingled moneys, funds and properties be impressed with said trust and that said properties be decreed to belong to said trust estate.

"Thereafter the said Royal Petroleum Corporation filed its plea of privilege to be sued in Rusk County, Texas, under Section 14 of the Venue Statute; that thereupon this plaintiff dismissed said cause as to said Royal Petroleum Corporation, without prejudice."

(6) The petition then contains the following allegation:

"This plaintiff now here alleges that the bill of sale and assignment hereinbefore mentioned is void and voidable and that the same did not convey out of this plaintiff her rights, titles and interests as beneficiary in said trust, and that she is now entitled to all the rights, titles, interests and estates created for her by the last will and testament of her deceased husband, Roy E. Dearing. And she now here alleges that the defendant, Royal Petroleum Corporation, participated with the said Willis R. Dearing in the breach of his trust and acted with, aided and abetted him in the commission of divers wrongs, injuries and trespasses to said trust estate and to this plaintiff, and unlawfully and fraudulently appropriated to its own use and benefit moneys, funds and properties belonging to said trust estate and to said partnership of R. H. Dearing & Sons, and that therein and thereby said Royal Petroleum Cor-

poration became a constructive trustee; that said Royal Petroleum Corporation co-mingled said misappropriated moneys, funds and properties of this trust estate and of R. H. Dearing & Sons with moneys, funds and properties of its own, and with such co-mingled moneys, funds and properties either acquired, improved or developed the following described properties."

Here follows a list of a large number of leases, being similar to the list contained in the petition in the Dallas County suit.

(7) Paragraph 14 of the petition is as follows:

"Plaintiff is informed and believes and charges that other properties, a description of which she is not able to give, have been acquired, improved or developed by the defendant, Royal Petroleum Corporation, with said mixed and co-mingled moneys, funds and properties; and she further charges that said moneys, funds and properties were so co-mingled that the trust funds or properties can not be segregated or the amount thereof ascertained; and she further charges that by reason of the wrongs and trespasses committed by the said Royal Petroleum Corporation as aforesaid, that all of the properties described in paragraph 13 above and standing in the name of said Royal Petroleum Corporation and as well any and all other properties standing in the name of Royal Petroleum Corporation which were acquired, improved or developed with such co-mingled moneys, funds and properties have become and are subject to and impressed with a trust in favor of this plaintiff."

(8) The prayer to the petition was in part as follows:

"Wherefore, plaintiff prays that the defendants be cited to appear and answer herein and that upon trial hereof, the Court find and decree that the properties described in this petition and as well all other properties standing in the name of Royal Petroleum Corporation acquired, developed or improved with the mixed and co-mingled moneys, funds and properties of said trust estate and said corporation and with the mixed and co-mingled moneys, funds and properties of R. H. Dearing & Sons and said corporation, or into the acquisition, development or improvement of which went any of the misappropriated moneys, funds or properties of the trust estate, belong to the trust estate created by the will of Roy E. Dearing, and that this Court enter judgment divesting the title to and possession of all such properties, wherever situated, out of said Royal Petroleum Corporation and vesting the title to and possession of the same in the officer or person designated, appointed or selected by the District Court of Dallas County, Texas, to ad-

minister said trust estate or to receive, assemble, preserve and distribute the properties and assets belonging thereto; and that, in the event at the time of the trial of this cause, there has been no such officer or person selected and appointed by the District Court of Dallas County, that then this Court vest the title to and possession of all such properties in some commissioner, conservator or officer appointed and designated by this Court to receive, hold and preserve such properties for the use and benefit of said trust estate and as the arm of this Court until such time as the District Court of Dallas County shall have selected and designated some officer or person to receive the same; and that this Court direct and instruct the Commissioner, conservator or other officer appointed by it to deliver said properties and the title thereto to the officer or person selected and designated by the District Court of Dallas County, when said Court shall have so designated and appointed such officer or person; and that the Court issue such other and further orders and decrees as may be necessary and proper to divest the title to and possession of all of said properties out of said corporation and vest the same into the officer or person authorized and empowered to receive the same for the use and benefit of said trust estate; and the plaintiff further prays that she recover all costs in this behalf expended, and that she have such other and further relief, legal and equitable, general and special, to which she may be justly entitled."

On July 3, 1939, plaintiff, Effie Reed Dearing, filed in said Rusk County suit a plea in abatement addressed to the cross action of the defendants who were legal representatives of R. H. Dearing & Sons and Willis R. Dearing. She filed no plea in abatement as to the cross action of defendant, Royal Petroleum Corporation. In said plea she made the following allegation:

"1.

"That on June 21st, 1939, the defendants, Nannie Clinton Dearing, Herman A. Dearing and Robert Moffat (Jack) Dearing, individually and as Independent Executors and Trustees of the Estate of Willis R. Dearing, deceased, filed in this cause a certain cross-action against this plaintiff, wherein they alleged:

'8.

And now come said defendants, in the above entitled and numbered cause, and file this, their Cross Action herein, against plaintiff, and represent and show to the court that said conveyance sought to be set aside herein by plaintiff is in all things binding and of full force and effect and that same should be by

this court decreed to be valid and binding on all parties, and these defendants pray that upon hearing hereof said transfers and assignment be declared to be valid and binding on plaintiff and all other parties to said transfer and assignment.'

Which appears as numbered paragraph 8 of the original answer and cross-action of said defendants; and further prayed in connection with such cross-action that they have judgment decreeing that the transfer, sale and assignment from Effie Reed Dearing to R. H. Dearing & Sons be declared in all things valid and binding on the plaintiff."

Plaintiff then alleged the pendency of the suit in the Dallas County District Court, setting forth certain issues alleged to be involved therein, and further asserted as follows:

"Plaintiff would show that because of the prior pendency in the District Court of Dallas County between this plaintiff and the defendants, Nannie Clinton Dearing, Herman A. Dearing and Robert Moffat (Jack) Dearing, of the issues raised by the cross-action filed by said defendants in the instant case, the District Court of Dallas County has and ought to have and exercise complete and exclusive jurisdiction of said issues, and that this Court ought not to take jurisdiction thereof nor in any manner exercise the same, but that the cross-action filed by the defendants, as set out in numbered paragraphs 8 and 9 of their original answer and cross-action, ought in all things to abate."

On October 2, 1939, plaintiff appeared by her counsel and presented to the court her plea in abatement. The action of the court thereon is reflected by the following portion of the decree then entered:

"On this the 2nd day of October, A. D. 1939, came on to be called the above numbered and styled cause, and the defendants having been duly cited, appeared herein by their attorneys, Tom P. Scott, J. D. Williamson, H. H. Wellborn and J. W. McDavid, and the plaintiffs having been cited on defendants' cross-action appeared herein, both on the plaintiffs' petition and on said cross-action, by their attorneys, W. B. Harrell, Russell Allen and Willard McLaughlin, and thereupon counsel for plaintiff presented their plea in Abatement in this suit to the cross-action of the defendants by virtue of a case by plaintiff against R. H. Dearing and Sons, et al, pending in the 101 District Court, Dallas County, Texas, and all parties announced ready on said plea in Abatement and the Court, after hearing said plea in Abatement, the evidence adduced thereon and the

argument of counsel, is of the opinion that said plea should be overruled: It is therefore ordered, adjudged and decreed by the Court that said plea in Abatement be and the same is in all things overruled, to which action of the Court plaintiff excepted; and thereupon the Court called said cause for trial and a jury was waived by counsel for all parties and thereupon the Court asked for an announcement and counsel for the defendants announced ready for trial and W. B. Harrell, counsel for the plaintiff, asked for time to prepare a supplemental petition in reply to the cross-action of the defendants asserted in their first amended answer and the Court granted such request and later announced that this cause would be taken up on October 3rd, 1939, at 9:00 o'clock A. M."

It is necessary to here interpolate the statement that on the same day this action was taken in the Rusk County case, plaintiff Effie Read Dearing made application to the Judge of the District Court of Dallas County for an injunction against the defendants who were legal representatives of R. H. Dearing & Sons and Willis R. Dearing, and their attorneys, restraining them from prosecuting in the District Court of Rusk County the cross action of the Dearing defendants, as well as the cross action of the Royal Petroleum Corporation. On October 2, 1939, the Judge of the Dallas County District Court entered an order for an injunction restraining all of the defendants and their attorneys from prosecuting either of said cross actions in the District Court of Rusk County. The formal injunction was not issued until the next day.

The attorneys for defendants, as well as of Judge R. T. Brown of the Rusk County District Court, received notice of the injunction on the morning of October 3, 1939. That part of the judgment of the District Court of Rusk County immediately following the portion above quoted shows what took place, and it is as follows:

"On this the 3rd day of October, 1939, at 9:00 o'clock A. M., this cause came on to be called for trial and thereupon came counsel for plaintiff and filed plaintiff's first amended supplemental petition and then announced to the Court that they would not dismiss their case but personally they would withdraw from the Court Room and not participate in the trial but that they were not withdrawing from the case as counsel and the Court thereupon was advised by counsel for the plaintiff that they had procured from Honorable Claud McCallum on this day an injunction restraining Tom P. Scott and J. D. Williamson, as attorneys, from prosecuting and trying defend-

ants' cross-action and this Court thereupon ordered the attorneys for the defendants to proceed with the trial of said cause and said cross-action; thereupon counsel for plaintiff walked out of the Court Room and counsel for the defendants then announced they would dismiss the cross-action of the defendant, Royal Petroleum Corporation for a money judgment for damages set up in Paragraph 29 of Defendants' First Amended Answer and Cross-action filed in this case on the 26th day of September, 1939.

"It is accordingly ordered that said portion of said cross-action be dismissed without prejudice to said defendant. The Court thereupon overruled the defendants' exceptions to plaintiff's First Amended Petition and the plaintiff's execptions, not being presented, were waived. Thereupon said cause proceeded to trial and the Court, after hearing the pleadings of the parties and the evidence introduced and argument of counsel is of the opinion that the law and the facts are with the defendants and that defendants should recover on their cross-action to confirm and ratify the conveyance executed by Effie Reed Dearing on May 6th, 1933, and to quiet title to the property described in said conveyance or assignment and the cloud cast on the title to the property and oil leases and oil payments of the Royal Petroleum Corporation described in plaintiff's First Amended Petition filed herein on July 5th, 1939, should be removed.

"It is therefore, ordered, adjudged and decreed by the Court that the plaintiff, Effie Reed Dearing's suit be dismissed for want of prosecution and that the defendants, Royal Petroleum Corporation, a corporation, Nannie Clinton Dearing, Herman A. Dearing and Robert Moffatt (Jack) Dearing, individually, and as executors and trustees of the estate of Willis R. Dearing and under his will go hence without day and have and recover of and from the plaintiff, Effie Reed Dearing, a feme sole, all costs by them in this behalf expended for which let execution issue."

The answer of Judge Brown herein shows that motion for new trial was filed by plaintiff, which was overruled, and that plaintiff gave notice of appeal to the Court of Civil Appeals.

The attorneys for defendants in the Rusk County suit have been cited to appear before the District Court of Dallas County to show cause why they should not be held in contempt.

#### PROCEEDINGS IN THE SUPREME COURT.

Two original proceedings have been filed in this Court and are before us for disposition. One was brought by Effie Reed

Dearing, plaintiff in the Dallas County suit, and asks the following relief:

"Wherefore, the Petitioner prays that a rule to show cause forthwith issue to the Respondents and each of them and that, upon hearing, this Honorable Court direct a writ of mandamus to issue to the Honorable R. T. Brown, Judge of the District Court of Rusk County, in and for the 4th Judicial District of Texas, commanding and requiring him to vacate and set aside the judgment rendered on October 3rd, 1939, in cause No. 14293 in said court, styled EFFIE REED DEARING VS. ROYAL PETROLEUM CORPORATION, ET AL, and that it also cause a writ of prohibition to issue to said Judge, requiring and commanding him to refrain from entering or taking any other or further action in said cause concerning the cross-action filed therein than to abate the same; and that she have such injunctive writs and decrees against the other Respondents as she may be entitled to; and that she have such other and further relief, legal and equitable, general and special, to which she may be justly entitled."

The other proceeding was instituted by defendants in the Rusk County suit and seeks the following relief:

"Petitioners pray for a writ of mandamus to be directed to Honorable Claude McCallum, Judge of the District Court of Dallas County, 101st Judicial District, commanding him to set aside the temporary restraining order issued by him on October 2, 1939, in cause No. 14898-E, Mrs. Roy E. Dearing vs. Willis R. Dearing, et al., and further commanding him to desist from taking any further steps, actions or proceedings in said cause No. 14898-E; and petitioners pray for the issuance of the writ of prohibition and of such other writs and process to be directed to the respondents as may be necessary or proper to restrain them from interfering in anywise with the District Court of Rusk County, Fourth Judicial District, and the Judge of said Court, in cause No. 14,293 in taking such further proceedings in said cause as may be proper for its final determination; and they further pray for a temporary restraining order or injunction or prohibition to be issued restraining the Honorable Claude McCallum from taking any further proceedings in cause pending in the 101st District Court of Dallas County pending final determination of this cause in this Court, and restraining him from issuing an attachment for contempt against petitioners, or any of them, as for a violation of his temporary restraining order issued October 3, 1939, and from conducting a hearing in a contempt proceeding or entering any

order in such a proceeding; and for such other writs and orders as may be proper in the premises."

OPINION.

■ It appears to be definitely settled by our decisions that the action of plaintiff in the Dallas County suit in dismissing Royal Petroleum Corporation from that suit, after its plea of privilege had been filed, even in the absence of a controverting affidavit, is to be taken as an admission that said plea was good, and had the effect of fixing the venue of any subsequent suit between the parties, involving the same subject matter, in the county where the plea of privilege alleged it rightfully to be. H. H. Watson v. Cobb Grain Co., 292 S. W. 174; First National Bank in Dallas v. Allan B. Hannay, District Judge et al, 123 Texas 203, 67 S. W. (2d) 215.

■ One thing stands out predominately in this record. It is this: The first absolutely essential requisite to the relief prayed for by plaintiff in both the Dallas County suit and the Rusk County suit is to set aside the conveyance by her of May 6, 1933. If this conveyance be valid and binding on her it terminated the trust relationship between her and Willis R. Dearing, and also terminated her right or title to any and all interests in the business and properties of R. H. Dearing & Sons, as well as the income and profits therefrom. She would, therefore, in such event not be entitled to a receiver, or to impose a trust on any of the properties mentioned in her pleadings.

■ The foregoing proposition being true, and it appearing from the authorities above cited that she had irrevocably disabled herself from litigating that issue in the Dallas County suit, provided Royal Petroleum Corporation be a necessary party to its determination, the next question for decision is this: Is Royal Petroleum Corporation an essential and necessary party to an action to cancel and to set aside said conveyance?

In the recent case of Sharpe v. Landowners Oil Association, 127 Texas 147, 92 S. W. (2d) 435, it was said:

"It is settled beyond all question in this State that in a suit to cancel a written instrument all persons whose rights, interests or relations with or through the subject matter of the suit will be affected by the cancellation are necessary parties, Business Men's Oil Co. v. Priddy (Com. App.), 250 S. W. 156; MacKay v. Phillips, 220 S. W. 176; State National Bank v. Lancaster, 229 S. W. 883; Dial v. Martin, 8 S. W. (2d) 241.

The absence of a necessary party in a suit for cancellation is fundamental and jurisdictional to such extent that it must be considered by this court. It being apparent from the face of the record in this case that Stubblefield and wife are necessary parties to the suit, the trial court was not authorized to enter any judgment, and this court cannot render any judgment except to reverse and remand the case. Barmore v. Darragh, 227 S. W. 522."

The governing rule was more fully stated in the case of Runck v. Gates, 14 S. W. (2d) 885, in this language:

"The action to cancel is in a court of equity, and, of course, governed by rules as old as the system of equity itself. Pomeroy states the governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in one suit the rights and duties of all parties, which really grow out of or are connected with the subject-matter of the suit. The fundamental principle concerning parties is that all persons in whose favor or against whom there might be a recovery, however insignificant, and also all persons who are interested, although indirectly in the subject-matter and relief granted, and whose rights might be affected by the decree, shall be made parties to the suit."

The cancellation of the conveyance of May 6, 1933, was undoubtedly the dominant issue in the Dallas County suit, as disclosed by the fifth amended original petition which made Royal Petroleum Corporation a party to that suit. As stated above, it appears that the three instruments of date May 6, 1933, in one of which Royal Petroleum Corporation was a party by the clearest implication and in the other two was an active contracting party, constituted by one contract, of which the conveyance executed by plaintiff was but a party. Each of the instruments was an essential element of the contract. Neither one could be destroyed without destroying the others. By this unified agreement Royal Petroleum Corporation parted with title to a valuable mineral interest, which, after payment of the $40,000.00, was to be reconveyed to it. It assumed payment of obligations against the interest of Roy E. Dearing in the partnership properties, and released obligations due the partnership by the said interest. Said corporation was therefore vitally and directly concerned with the validity of said contract, and would undoubtedly be affected by its cancellation. Under the rule stated it was unquestionably a necessary party to any suit which sought to cancel or impair that contract.

■ In a suit for cancellation of a written contract affecting title to or an interest in land a district court does not acquire complete jurisdiction until all necessary parties are brought within the jurisdiction of the court. It has no jurisdiction to proceed to final judgment until that is done. State National Bank of San Antonio v. Lancaster, 229 S. W. 883 (writ refused). This is of course subject to the qualification that the court may retain its potential jurisdiction without interference so long as it possesses the power to bring all necessary parties into court and subject them to its jurisdiction. Cleveland et al v. Ward et al, 116 Texas 1, 285 S. W. 1063. It necessarily follows, however, that in a suit to cancel such a contract, where necessary parties are not within the jurisdiction of the court, and the court no longer possesses power to bring them under its authority, the court is without jurisdiction to litigate the question of the invalidity of the contract, and decree its cancellation.

From the foregoing it necessarily follows that in so far as the validity and cancellation of the conveyance and agreement of May 6, 1933, is concerned, and so far as all other relief sought by plaintiff in the Dallas County suit, which depends upon the setting aside of that contract, is concerned, the district court of Dallas County was, on October 2, 1939, and is without jurisdiction to litigate same.

■ These conclusions lead to the further conclusion that the writ of injunction issued out of the district court of Dallas County, in so far as it sought to restrain prosecution of defendant's cross action in the district court of Rusk County, as to the matters above mentioned, was void. Admittedly, as shown by the pleas in abatement filed by plaintiff in the Rusk County suit, the cross actions sought primarily to litigate the question of the validity of the contract of May 6, 1933, and to obtain the confirmation of same, which was but the reverse of the effort to set same aside.

It occurs to us that all questions concerning the merits of the Rusk County suit, and the proceedings resulting in judgment therein, should properly be determined by appeal in that cause.

■ It is perhaps appropriate to add that the filing of the plea in abatement in the Dallas County suit, subject to its plea of privilege, could not work an estoppel against Royal Petroleum Corporation so far as jurisdiction of the District Court of Dallas County was concerned. Fulmore v. Benson, 269 S. W. 71.

The relief prayed for by petitioner, Effie Reed Dearing, is

in all things denied. The prayer for relief on the part of Royal Petroleum Corporation and others is granted to the extent that a writ of mandamus be issued requiring the Honorable Claude McCallum, District Judge of the 101st District Court of Dallas County, to set aside the order entered in Cause No. 14,898-E in said court on October 2, 1939, and to the extent that writ of injunction be issued against the said Honorable Claude McCallum restraining him from taking further action in any contempt proceeding growing out of any alleged violation of said order, or the injunction issued by virtue thereof.

In light of this decision it is assumed that said court will take no further action in the cause pending therein which is inconsistent with this opinion, and for that reason no further writs will be issued herein at this time.

Opinion adopted by the Supreme Court January 31, 1940.

Rehearing overruled March 20, 1940. ·