**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**PLAINVIEW HOSPITAL AND CLINIC FOUNDATION, Appellee.**

No. 7427.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 21, 1964.

Cade & Bowlin, Lubbock, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, for appellee.

NORTHCUTT, Justice.

This is a venue case. Plainview Hospital and Clinic Foundation brought this suit

against Trinity Universal Insurance Company to recover for hospital bills due for services rendered by the hospital in caring for Patricia Hughes, a little girl. Patricia entered the hospital on or about October 15, 1962, and remained there until November 6, 1962, when she was discharged. This suit is brought upon an itemized statement of account attached to its petition against Don Hughes, father of Patricia. Trinity Universal Insurance Company filed its plea of privilege to have the case transferred to the district court of Dallas County, Texas, the county of its residence. The hospital filed its controverting plea seeking to hold venue in Hale County, Texas, under the provision of Section 23 of Article 1995, Vernon's Ann.Tex.Rev.Civ.St. The trial court overruled the plea of privilege and held venue in Hale County, Texas; and from that order the Trinity Universal Insurance Company excepted and gave notice of appeal. Hereafter Trinity will be referred to as appellant and the hospital as appellee.

■ Appellant presents this appeal upon four assignments of error. By its first point it is contended the court erred in overruling appellant's plea of privilege because appellee failed to plead a cause of action against appellant under Rule 31 Texas Rules of Civil Procedure and then point two that appellee failed to prove a cause of action against appellant under Rule 31. Rule 31 provides:

"No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules."

See Rule 163 and Article 2088, T.R.C.S.

If the appellant had been sued herein as surety for the indebtedness of Don Hughes, we think it is settled beyond question in this state that Hughes would have been a necessary party defendant. Rule 31 and 163; Royal Petroleum Corporation v. McCallum,

134 Tex. 543, 135 S.W.2d 958; Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435; Johnson v. J. R. Watkins Company, Tex.Civ.App., 337 S.W.2d 477; First Nat. Bank of Merkel v. Thurmond, Tex.Civ.App., 159 S.W. 164. If the trial court in this case erred in overruling appellant's plea of privilege because appellee failed to plead and prove a cause of action under Rule 31 it would be because Don Hughes was a necessary party and was not made party to the suit. If that be true, it would not be grounds for reversing the case and sustaining the plea of privilege. If Hughes was a necessary party, the trial court was not authorized to enter any judgment and this court could not render any judgment except to reverse and remand the case; and we would have no authority to act upon a plea of privilege in such a situation. Royal Petroleum Corporation v. McCallum, supra. Since we are of the opinion this case was presented upon the sole theory that appellant owed the debt here sued upon since it assumed the obligation, we overrule appellant's first two points of error.

By appellant's third point of error it is contended the trial court erred in holding that appellant was obligated to protect appellee's account with Hughes when appellee completely failed to do what the law required be done to enable appellant to protect such account. The appellant further contended by point of error four the court erred in holding that appellee had made a prima facie case on the hearing of the plea of privilege when the purported contract sued upon shows on its face a failure to comply with the statute of frauds.

Appellee pleaded that appellant assured appellee that appellant would be responsible for the hospital and medical bills for the treatment of Patricia Hughes and agreed in writing to protect appellee on said account. Appellee further contends the letters below instructed appellee it need not file its claim

with the county clerk. We are unable to agree with that contention. The writings relied upon by appellee were introduced by appellee and are as follows:

"23 November 1962

Mr. Frank Buchanan, Adj.
Trinity Universal Insurance Co.
1611 Avenue Q. St.
Lubbock, Texas

Re: Patricia Hughes

Dear Sir:

Enclosed please find medical narrative on November 19, 1962.

The amount of the bill for the hospital to date is $879.40.

If this is a liability claim will the Insurance Company be able to protect the Hospital on their bill.

Your cooperation is appreciated.

Yours very truly,

PLAINVIEW HOSPITAL AND CLINIC FOUNDATION

Howard E. Stubblefield, Bus. Off.
Liability Insurance Dept."

---

"November 26, 1962

Mr. Howard E. Stubblefield, Bus. Off.
Liability Insurance Dept.
Plainview Hospital and Clinic Foundation
Plainview, Texas

Dear Mr. Stubblefield:

Patricia Hughes

This is to advise that this is a liability claim and as soon as we bring this matter to a conclusion your bill will be protected.

Yours very truly,

/s/ Frank Buchanan

Frank Buchanan, Adjuster."

---

We cannot construe appellee's letters and the testimony of Stubblefield as meaning anything other than asking if the hospital bill was such a claim as was protected under the law, and appellant answered in the affirmative.

Mr. Stubblefield, the person writing the letter above set out, testified he was a clerk for the appellee in charge of the liability insurance department and worked in the business office of appellee; that he understood he could file a lien in the county clerk's of-

fice to protect this sort of a deal; that he had filed many such liens but that he did not file a lien in this case and he knew that before appellant could pay appellee's claim without the consent of Mr. Hughes that appellee would have to have a lien on file. Stubblefield further testified no consideration was paid to appellant for the contract sued upon. He further testified when he wrote the letter asking "if this is a liability claim" he meant to ask if it was a type of claim that came within the classification and he understood that answer (letter dated November 26, 1962) to mean he would be able to protect appellee as far as he could under the law. Article 5506a, Section 3, R.C.S. provides such lien *shall* be filed * * * prior to the payment of any monies to such injured person or his legal representatives. This suit is on a bill originally charged to Mr. Hughes, the father of Patricia Hughes. (italics ours).

Appellee seeks to hold venue in Hale County, the residence of appellee under Section 23, Article 1995, T.C.S. It is stated in the case of Lanark Corporation v. Conover, Tex.Civ.App., 321 S.W.2d 930 (writ dismissed) as follows:

"With reference to Subdivision 23, our Supreme Court in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, has held in effect that when plaintiff seeks to invoke Subdivision 23 in order to defeat a plea of privilege, he has the burden both to plead specifically and to prove facts showing that a cause of action arose in his favor against the defendant. Our Supreme Court reaffirmed this doctrine in Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605, Pt. 2. So far as we have been able to find, our Supreme Court has not departed from this rule. See also Milligan v. Southern Express Co., 151 Tex. 315, 250 S.W.2d 194."

■ Patricia Hughes entered the hospital on October 15, 1962, and was discharged November 6, 1962. Consequently, the indebtedness sued for herein had accrued before the letters upon which appellee seeks to hold appellant upon were ever written. Appellant was in no way connected with appellee receiving Patricia Hughes into the hospital and creating the antecedent indebtedness here sued upon. If the letters dated November 23 and 26, 1962, be considered as appellant agreeing to pay the bill, such agreement is without any consideration; and, therefore, there is no liability. Green v. American Refining Properties, Tex.Civ.App., 22 S.W.2d 343; Baker v. Wahrmund, 5 Tex.Civ.App. 268, 23 S.W. 1023; Oak Cliff State Bank & Trust Co. v. Conroy, Tex.Civ.App., 201 S.W. 699; Kollatt v. Clements, Tex.Civ.App., 3 S.W.2d 855 (writ dismissed); King v. Wise, Com. App., 282 S.W. 570.

■ Mr. Stubblefield, agent of appellee handling this matter for appellee, knowing appellant could not pay appellee without Hughes' consent unless appellee filed his lien, and appellee not having filed any lien, the appellee did not exercise ordinary care and diligence to protect appellant by filing its lien; therefore, could not recover. We do not believe appellee proved a cause of action against appellant. Williamson v. Davey, 52 Tex.Civ.App. 353, 114 S.W. 195. Appellant's third and fourth points of error are sustained.

The judgment of the trial court is reversed and the case ordered transferred to a district court of Dallas County, Texas.