### ATCHISON, T. & S. F. R'Y CO. v. D. B. ADAMS.
(No. 3167.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

§ **12.** *Plea to jurisdiction; when not too late.* Appellee sued appellant in the county court of Tarrant county, and had citation served upon one Mullane as agent of appellant. Judgment by default was rendered against

appellant at the January term, 1889, of said court. Appellant moved at the same term to have said judgment by default set aside, showing in support of said motion that said Mullane was not its agent. This motion was sustained, and no further action was taken in the cause at that term of said court. At the ensuing March term of said court, appellant filed a plea to the jurisdiction of the court, alleging, in substance, that plaintiff's cause of action, if any he had, did not arise in Tarrant county; that appellant did not operate its line of railway in said county; that it had an agent in El Paso, Texas, etc. This plea was in due form and properly verified. Upon motion of appellee, said plea was stricken out because it came too late and after the court had obtained jurisdiction over appellant by its appearance at the preceding term of the court. We think the court erred in striking out said plea. Appellant's appearance at the preceding term of the court was for the purpose only of moving to set aside the judgment by default, for the reason that said judgment had been rendered without service upon it of citation. This motion having been sustained, appellant was not required to answer further until the next term of said court, at which term it did answer, and interposed promptly its said plea to the jurisdiction of the court. Its plea to the jurisdiction was filed at the appearance term of the court, and was filed in due order of pleading, and should have been entertained. [Sayles' Civil St., art. 1243; Railway Co. v. Gage, 63 Tex. 573.]

October 26, 1889.       Reversed and remanded.