JOY v. CITIZENS' LIFE INS. CO. et al.
(No. 7352.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1915. Rehearing Denied July 3, 1915.)

1. VENUE ⊚⟿22—SEVERAL PARTIES—STATUTE.
Under Rev. St. 1911, art. 1830, cl. 4, providing that where the defendants reside in different counties, suit may be brought in the county of the residence of any one of them, an interpleader by an insurance company to determine the right to a fund due on a policy, as between the widow of the insured, residing in D. county, and a creditor residing in K. county, was properly brought in K. county; and the fact that the widow was subsequently appointed administratrix in D. county did not give her the right to have the case transferred to D. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. ⊚⟿22.]

2. EXECUTORS AND ADMINISTRATORS ⊚⟿436—SUIT AGAINST ADMINISTRATRIX — VENUE — "MONEY DEMAND AGAINST THE ESTATE."
Under Rev. St. 1911, art. 1830, § 6, providing that suit against an administrator to establish a money demand against the estate must be brought in the county in which such estate is administered, the claim of a creditor of the insured, asserted against the widow and administratrix of the insured, in an amount in excess of the fund that the interpleading insurer had paid into court, was not a "money demand against the estate," since if it was established the policy was never payable to the administratrix, and the fund due was not property of the estate, so that the widow and administratrix was not entitled to have the cause transferred from the county of the creditor's residence to her own county.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1726–1728; Dec. Dig. ⊚⟿436.]

3. APPEAL AND ERROR ⊚⟿742—ASSIGNMENTS OF ERROR—SUFFICIENCY.
An assignment of error, in sustaining the plea of privilege filed in the cause and transferring it to the district court of D. county after the district court of K. county had acquired jurisdiction of the cause and of the persons of the defendants, with the proposition that Rev. St. 1911, art. 1830, § 6, providing that suit against an administrator to establish a money demand against the estate must be brought in the county in which such estate is administered,

does not apply where such issue is only incidental to the main issue, was not too general for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⊚⟿742.]

4. VENUE ⊚⟿77—CHANGE OF VENUE—WAIVER—SUBMISSION TO JURISDICTION.
A defendant by filing in the district court of K. county a motion to quash the citation and a plea in abatement, in effect a plea of nonjoinder, was not thereby deprived of any privilege he may have had of being sued in D. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 59, 134, 138; Dec. Dig. ⊚⟿77.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Interpleader by the Citizens' Life Insurance Company against Martin A. Joy and another. Cause transferred to Dallas County for trial, and defendant Joy appeals. Reversed and remanded.

Robt. L. Warren and Bond & Bond, all of Terrell, for appellant. W. H. Clark and Jno. S. Fannin, both of Dallas, Bumpass & Crumbaugh, of Terrell, and Solon Goode, of Dallas, for appellees.

TALBOT, J. The appellee Citizens' Life Insurance Company of Louisville, Ky., instituted this suit in the district court of Kaufman county, Tex., on the 8th day of May, 1914, against appellant, M. A. Joy, a resident of said county, and Mrs. John Williams, the widow of John Williams, deceased, a resident of Dallas county, Tex. The petition alleged that on the 12th day of March, 1907, it insured the life of the said John Williams for the sum of $5,000; that said Williams died on the 6th day of February, 1914; that there was due and owing on said policy the sum of $4,153, being the full amount of said policy, less the amount of a loan made to said John Williams on said policy; that the said John Williams left surviving him his widow, the said "Mrs. John Williams"; that by the terms of said policy "the proceeds thereof, upon the death of the insured, were made payable to Martin A. Joy, creditor, as his interest may appear, the balance, if any, to his estate [meaning the estate of the said John Williams]"; that both said Martin A. Joy and the said Mrs. John Williams claimed and had demanded of it the entire amount due on said policy; that both were threatening to sue and would sue it to recover the proceeds due upon said policy; that it did not know to whom said money was due; and that it was a matter of doubt to which of said mentioned defendants said money was due. The petition further averred that the plaintiff, insurance company, had no interest in said fund, save and except that same be paid to the person or persons legally entitled thereto, and to save itself from being compelled to pay the same twice, and from being harassed by a multiplicity of suits; that plaintiff tenders into the registry of the court said sum of $4,153, the amount due on said

policy, and prayed that both of said defendants "be required to interplead between themselves and settle and adjust their demands as between themselves, to the end that the plaintiff may pay over said sum of money deposited in court to whomsoever the court may decree the same," and further prayed that it be discharged and allowed its cost, together with the sum of $250 attorney's fees, and for general relief. On August 6, 1914, the plaintiff insurance company filed an amended petition, alleging that since the institution of the suit the defendant Mrs. John Williams had been appointed administratrix of the estate of her deceased husband, John Williams, by the probate or county court of Dallas county, Tex., and made her a party defendant to the suit as such administratrix. This amended petition contained, in substance, the same allegations as the original petition, with the additional charge that Mrs. John Williams claimed the proceeds of the insurance policy alleged to have been issued on the life of John Williams, deceased, as administratrix of her said husband's estate, as well as individually. The defendant M. A. Joy answered, admitting the facts alleged in plaintiff's petition, except he denied that the plaintiff made the loan charged to have been made to John Williams, and alleged that if any sum was loaned thereon, it was loaned to him as the owner and holder of the insurance policy, and denied that plaintiff was entitled to said $250 attorney's fee, or any part thereof, and denied that Mrs. John Williams was entitled to any part of, or interested in, said policy of insurance, either as the administratrix or individually, and alleged that this fact was well known to the Citizens' Life Insurance Company as well as to her. He alleged that John Williams, "the insured, was then (at the time of his death) and is now indebted to this defendant (M. A. Joy) in the sum of $25,824.40, evidenced by a contract executed by him and payable to defendant, together with the amount of the annual premiums on said policy of insurance," none of which had been paid. He alleged:

"That on account of said indebtedness due this defendant by the said John Williams, he is a creditor of said John Williams in an amount in excess of the said insurance, and is entitled to the proceeds thereof."

He further alleged that he made demand on the Citizens' Life Insurance Company for the amount due on the policy more than 30 days prior to the institution of this suit, that payment thereof was refused, and that by its refusal to pay him the amount due on said policy the plaintiff became obligated and bound to pay him, in addition to the amount due on said policy, 12 per cent. damages on said amount, together with reasonable attorney's fees, to wit, the sum of $1,000, as provided for by statute, and prayed for judgment against the plaintiff in accordance with his answer. The defendant, Mrs. John Williams, filed a motion to quash the citation served upon her, alleging, among other things, that her proper name

was Cynthia A. Williams, and not "John" Williams, and that letters of administration had been granted and issued to her in her name of Cynthia A. Williams. This motion was sustained. On September 8, 1914, the defendant Mrs. Cynthia A. Williams, as administratrix of the estate of John Williams, deceased, filed a plea of privilege to be sued in Dallas county, Tex. She alleged that she resided in Dallas county, Tex.; that the estate of John Williams, who died February 6, 1914, was being administered in said Dallas county, Tex.; that she, Mrs. Cynthia A. Williams, was duly appointed and qualified as the administratrix of the estate of John Williams, deceased, on the 28th day of July, 1914, and, as authorized, directed, and required to do, she took charge of the property of said estate as such administratrix and has ever since been administering said estate, as provided for by law, and so notified the plaintiff, the Citizens' Life Insurance Company, on July 29, 1914, and demanded payment of said company of said insurance money to her as such administratrix, but it failed and refused to pay same to her, or any part thereof; that on the same day she notified the defendant M. A. Joy of her appointment and qualification as said administratrix, and requested him to advise her of any indebtedness or claim he had against the said John Williams at the time of his death, but that he had failed and refused to reply thereto; that, as is apparent from the pleadings in this case, the suit is against her as administratrix of the estate of said John Williams, deceased, to establish a money demand against said estate in favor of the defendant M. A. Joy, and to apply to the payment thereof the sum of $4,153, which amount the plaintiff insurance company admits it owes upon its policy of $5,000, insuring the life of the said John Williams, and that until said money demand be judicially established, the defendant Joy has no claim whatsoever to said $4,153, or any part thereof; that as provided by section 6, art. 1194, of the Revised Statutes of Texas, this suit against her as administratrix of the estate of John Williams, deceased, involving the establishment of a money demand against said estate, must be and should have been brought in the county in which said estate is being administered, namely, in Dallas county, Tex. On September 8, 1914, the district court of Kaufman county heard and sustained said plea of privilege, and duly transferred the case by a proper order to the district court of Dallas county, Tex., for trial. To this action of the court the plaintiff and defendant M. A. Joy excepted. The defendant Joy filed a motion for a rehearing, which being overruled, he perfected an appeal to this court.

Appellant's first assignment of error is as follows:

"The court erred in sustaining the plea of privilege filed in this cause by Mrs. Cynthia A. Williams, temporary administratrix of the es-

tate of John Williams, deceased, and in transferring the cause to the district court of Dallas county, Tex., because the district court of Kaufman county had acquired jurisdiction of this cause and the persons of defendants."

The propositions advanced are, in substance: First, that where there are two or more defendants residing in different counties, the suit may be brought in the county of the residence of either defendant; (2) that where the court has once obtained jurisdiction of a cause of action, the appointment of an administrator during the pendency of the suit does not deprive that court of its jurisdiction; (3) that where a party voluntarily submits herself to the jurisdiction of the court, filing plea in abatement, motion to quash citation and plea of privilege, she cannot complain of the venue of the suit; and (4) that section 6, art. 1830, of the Revised Statutes of 1911, providing that suit against an administrator to establish a money demand against the estate he represents, must be brought in the county in which such estate is administered, "does not apply where such issue is only incidental and concomitant to the main issue."

[1, 2] We think the assignment should be sustained. The object of the suit was not, in the sense contemplated by the statute invoked by appellee Mrs. Williams, in support of her plea of privilege to be sued as administratrix of the estate of John Williams, deceased, in Dallas county, one to establish a money demand against said estate. At the time of its institution no administration was pending on the estate of John Williams, deceased. The record discloses, as hereinbefore stated, that the suit was instituted May 8, 1914, and that letters of administration were not granted to Mrs. Williams until the latter part of July of that year. She, as the surviving widow of John Williams, deceased, setting up a claim to the proceeds of the insurance policy issued on his life, was made a party to the suit by the original petition, and at the time appointed administratrix of the estate of her deceased husband, and for some time prior thereto the district court of Kaufman county had acquired jurisdiction of her person. The fact that she was made a party to the suit in the name of Mrs. John Williams, instead of Cynthia A. Williams, was and is of no consequence. It appears from the pleading, and is an undisputed fact, that Mrs. John Williams and Mrs. Cynthia A. Williams is one and the same person. The purpose of the suit was to have the conflicting claims asserted by her and the defendant Joy to the proceeds of the insurance policy adjudicated and the party legally entitled thereto determined by a judgment of the court, so that appellant would know to whom to pay the money due on the policy, and save itself from a multiplicity of suits and the possibility of being compelled to pay the same twice. The defendant Joy at the time of the institution of the suit resided in Kaufman county. That fact gave to appellant the right to institute and maintain the suit in that county, notwithstanding the defendant Mrs. Williams resided in Dallas county, and, the nature and purpose of the suit being, as above stated, the subsequent appointment of Mrs. Williams administratrix of the estate of her deceased husband, John Williams, did not confer upon her the right or privilege to have the suit transferred to and prosecuted in Dallas county. It is essential to defendant Joy's right of recovery in this suit that he show himself to be a creditor of John Williams, deceased, and the amount of his demand, but if under the terms of the policy of insurance involved he was a creditor of John Williams at the date of the latter's death, then to the extent of that indebtedness, which defendant Joy claims to be largely in excess of the amount due on the policy, the policy never became payable to the administratrix of the said Williams, and the fund arising from it was not and is not the property of his estate. Andrews, Adm'r, v. Union Central Life Ins. Co., 92 Tex. 584, 50 S. W. 572. The claim of Joy, if established, is not therefore one against the estate of John Williams, deceased, which is required to be paid by his administratrix in due course of administration, and neither the pleadings of the insurance company nor the pleadings of the defendant M. A. Joy make this a suit, within the contemplation of clause 6, art. 1830, of the statute, to establish a money demand against the estate of the said Williams. This being true, and the defendant Joy being a resident of Kaufman county, the suit, under clause 4 of said article 1830 of the statute, which provides that where the defendants reside in different counties suit may be brought in the county of the residence of any one of them, could be brought and maintained in Kaufman county, and hence the trial court erred in sustaining Mrs. Williams' plea as administratrix and in transferring the case to Dallas county. As in effect stated, the purpose of plaintiff's suit was to have judicially determined to which one of the claimants the proceeds of the insurance policy belonged, to the end that it might know to whom it could safely pay the same and avoid a multiplicity of suits; and the purpose of the defendant Joy's appearance in that suit, and the pleadings filed by him was to assert and show that, as the policy was payable to him as his interest might appear, he in fact had an interest therein, and the extent of that interest, and to ask and obtain a judgment therefor against the plaintiff, the insurance company. No judgment establishing such claim as he might show against the estate of John Williams, deceased, was sought or was necessary to his right to collect the fund involved from the insurance company. That in developing his right to a judgment against the insurance company for the amount due on the policy of insurance it became necessary to show that he was a creditor of John Williams, deceas-

ed, and the fact that such a judgment might have the effect to incidentally establish his right to the fund as against the estate of the said Williams, does not, in our opinion, alter the case. Such was not the primary purpose of the suit, and such a result was, at most, but incidental to that sought to be obtained by the suit.

[3] The contention of appellee to the effect that the assignment under consideration is too general, violates the rules, and should not be considered is not, in our opinion, well taken. The court had, by reason of the residence of the defendant Joy in Kaufman county and service of citation, acquired jurisdiction of the case and of the persons of the defendants, and for the reasons given in this opinion, and in the main urged by appellant, the subsequent appointment of Mrs. Williams as administratrix of the estate of John Williams, deceased, did not give her the right to have the cause transferred, upon plea of privilege to be sued in the county where the administration of said estate was pending to Dallas county. The assignment involves and requires or authorizes a consideration of the propositions and contentions made under it.

[4] There is no merit in the proposition to the effect that appellee submitted herself to the jurisdiction of the district court of Kaufman county by filing motion to quash citation, plea in abatement, etc. The plea denominated a plea in abatement was simply a plea of nonjoinder of parties, and neither it nor the motion to quash the citation had the effect of depriving her of any privilege she may have had of being sued in Dallas county.

The second and only remaining assignment of error need not be considered. What we have said disposes of the appeal, and requires a reversal of the lower court's judgment.

It is therefore ordered that the judgment and order of the district court of Kaufman county, transferring this cause to Dallas county, Tex., be set aside and vacated, and that said cause remain upon the docket of said court to be tried in regular order.

Reversed and remanded.