### AUTOMOBILE OWNERS' INS. ASS'N v. HENNESSY. (No. 3457.) *

Court of Civil Appeals of Texas. Texarkana. Oct. 26, 1927.

Rehearing Denied Nov. 3, 1927.

1. **Insurance** ☞280—Year and model of automobile, under fire and theft policy, held material to risk, and misrepresentation thereof defeated recovery for loss.

Under automobile policy insuring against loss by fire, theft, robbery, or pillage, providing that misrepresentation of statements in application shall render contract void, statement that model and style of car were "1921, touring" was material to risk and rate of premium to be charged, and where shown to be untrue defeated recovery for loss.

2. **Insurance** ☞280—Good faith of insured under fire and theft policy held insufficient reply to defense that year and model of automobile were misrepresented.

Under automobile fire and theft policy providing that misrepresentation of statements in application should render contract void, good faith of insured in making representation that car was 1921 touring was insufficient reply to defense that year and model were misrepresented.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by W. F. Hennessy against the Automobile Owners' Insurance Association. Judgment for plaintiff, and defendant appeals. Reversed and rendered, with direction.

See, also, 273 S. W. 1024, 282 S. W. 791.

Fouts, Amerman, Patterson & Moore, of Houston, for appellant.

Charles Murphy, of Houston, for appellee.

LEVY, J. The appellee brought the suit upon a policy of insurance. The policy insured an Elcar automobile against direct damage or loss by fire, theft, robbery, or pillage. The plaintiff alleged in the petition that on November 2, 1922, while the insurance was in full force, the automobile was stolen, and that upon finding it he discovered that the same had been stripped of its tires, rims, bat-

tery, starting motor, and other removable parts, and that the remainder of the car, after the removal of the parts aforesaid, had been set on fire and the automobile was thus totally destroyed. Appellant specially answered that the application for insurance stated that the car was a 1921 model, when in fact it was a 1919 model, and that the representation was a warranty material to the risk and to the rate of premium to be charged.

The court submitted the case to the jury upon the single issue; namely, "What was the actual cash value of the automobile immediately before it was stolen on November 2, 1922?" The appellant objected to that issue and requested the following special issue, which the court refused: "What was the actual cash value of the automobile immediately before the fire?" The appellant further requested, and the court refused to give, a peremptory instruction. Appellant assigns error upon the refusal to give the two requested instructions.

[1, 2] The evidence conclusively shows that the car was first stolen and stripped as alleged by plaintiff, and when found that it had been charred or burned. The body of the car was still of some value. It is believed that it is unnecessary to determine whether or not the liability of the insurance company was solely for loss of the car by fire as contended by it under the cited case of Ins. Co. v. Owens (Tex. Civ. App.) 272 S. W. 611. For the turning point in this case, we believe, is that pertaining to the defense of misrepresentation as to the model of the automobile. The policy expressly provided that misrepresentation of statements in the application should render the contract void. It conclusively appears in this case that the representation in the statement was that the model and style of body of the car were "1921, touring." The statement was material to the risk and the rate of premium to be charged, as proved. The model of the car, as shown by all the evidence, was 1919. The appellee undertakes to excuse the representation that the car was a 1921 model upon the ground that the bill of sale that he took showed the car to be a 1921 model. He admitted that he had no other information or knowledge as to the model than that stated in the bill of sale. He made no investigation to find out the true model. The recital in the bill of sale was shown to be a mistake. The tax collector's record also showed it was listed as a 1919 model. The good faith of appellee, as shown, in making the representation of fact was an insufficient reply to the defense. The fact represented must be shown to be true. In view of the fact that the car was a 1919 model, which was established without contradiction, the appellee would be denied a recovery. Fire Ins. Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1089. Therefore the appel-

lant's peremptory instruction should have been given.

The case was made to turn upon a different question in the former appeal, and the court did not pass upon the present matter. (Tex. Civ. App.) 273 S. W. 1024 (Tex. Com. App.) 282 S. W. 791.

The judgment is reversed and here rendered in favor of the appellant to the extent that the appellee recover nothing beyond the amount of premiums tendered of $18.13. The appellee will pay costs of the trial court and of this appeal.