## DALLAS JOINT–STOCK LAND BANK v. WEBB.

No. 8785.

Court of Civil Appeals of Texas. San Antonio.

March 23, 1932.

Rehearing Denied April 20, 1932.

Montgomery, Hall & Taylor, of Edinburg, and Renfro, Ledbetter & McCombs, of Dallas, for appellant.

Bliss & Daffan, of San Antonio, for appellee.

FLY, C. J.

Appellee sued Z. C. Newman, of Hidalgo county, G. O. Newman and J. J. McCook, of Dallas county, M. C. Daugherty and John T. Judd, of Harris county, the Dallas Joint-Stock Land Bank, of Dallas county, and L. S. Brotherton, Dallas county. The suit was first filed on January 20, 1930, and appellant filed in that case a plea of privilege to be sued in Dallas county. That plea was not controverted, and of course there was no issue to be tried. The case was then dismissed by appellee on June 4, 1930, the record not having been transferred to Dallas county. Afterwards the present suit involving the same issues was filed by appellee.

When the plea of privilege was filed in the original suit and was not controverted within five days, the plea of privilege was sustained and the court should have entered an order transferring the cause to Dallas county. This the court refused to do when the matter was called to his attention, and afterwards permitted the plaintiff to dismiss his suit. The change of venue granted by law was fully consummated, and, even though appellant may have agreed to the dismissal, that action did not destroy the legal effect of an uncontroverted plea of privilege.

The matter as to venue was res adjudicata, and appellee had no right or authority to file another suit in which the same issues were involved in the same county. The cause had been dismissed and could not be revived. The cause could have been transferred, but was not, and the dismissal did not destroy the

efficacy of the plea of privilege, and no new suit involving the same matter could be filed in Hidalgo county. This matter is fully determined in Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, 177, in which it is held: "In this case the trial court did not attempt to try and determine the merits of the controversy between the parties, but the legal effect of its action was to render a judgment for the costs of the suit against the plaintiff and in favor of the defendants. In this case the judgment further shows that a plea of privilege had been filed and had never been controverted, but that before the court announced his decision or had intimated what his ruling would be, the plaintiff requested permission to take a nonsuit, which request was granted and a voluntary dismissal of the plaintiff's suit was entered. These recitations in the judgment unalterably fixed the venue of any suit involving any subsequent controversy between the parties, relating to the subject-matter of the original suit in the county where the defendants reside as stated in their plea of privilege. The venue of such subsequent suit, if any, has become res adjudicata, thus and thereby securing to the defendants in error every substantial right which they claimed in their plea of privilege."

The judgment overruling the plea of privilege in this suit is reversed, and it is the order of this court that the cause be transferred, so far as appellant is concerned, to Dallas county.