## WILSON v. COLEMAN et al.

### No. 8795.

Court of Civil Appeals of Texas. Austin.

Feb. 15, 1939.

Wilkinson & Wilkinson, of Brownwood, for appellant.

F. D. Wright, of Cisco, for appellees.

McCLENDON, Chief Justice.

Appeal from an interlocutory order sustaining a plea of privilege and changing the venue to Cameron County, that of appellee Coleman's residence.

Venue in Brown County is sought to be sustained on two grounds:

■ 1. The plea was waived by filing a motion to quash the citation, thereby automatically continuing the case to the succeeding term of court.

2. The suit was one to recover title to a half interest in personal property situated in Brown County.

The first ground is overruled upon the authority of St. Louis, A. & T. Ry. Co. v. Whitley, 77 Tex. 126, 13 S.W. 853; Texas & P. R. Co. v. Childs, Tex.Civ.App., 40 S.W. 41; Texas & P. R. Co. v. Lynch, Tex.Civ. App., 73 S.W. 65; Ramsey & Son v. Cook, Tex.Civ.App., 151 ·S.W. 346; Kelley v. Crouch Grain Co., Tex.Civ.App., 174 S.W. 630; Joy v. Ins. Co., Tex.Civ.App., 178 S. W. 590; Cooper v. Colorado & S. R. Co., Tex.Civ.App., 298 S.W. 612; Horton v. Gas Co., Tex.Civ.App., 19 S.W.2d 617; Atchison, T. & S. F. R. Co. v. Adams, Tex. App., 14 S.W. 1015.

Appellant cites two cases from the San Antonio Court in support of his contention: Devereaux v. Rowe, Tex.Civ.App., 293 S. W. 207, and Automobile Owners' Ins. Ass'n v. Hennessey, Tex.Civ.App., 299 S. W. 281. A careful examination of these cases will disclose that the particular holding was not essential to the judgment which the court rendered. At any rate the holding is in conflict with those in the above cited cases, the first of which was by the Supreme Court, and one of which (Texas & P. R. Co. v. Childs, supra) was by the San Antonio Court, Chief Justice James writing. The expression in Lindley v. Merchants' & Farmers' State Bank, Tex.Civ. App., 264 S.W. 159, relied on by appellant, was manifestly dictum. See, also, in this connection 43 Tex.Jur., pp. 793–795, § 72, and Notes 8 and 9 on p. 794; and comment in the Horton case, above.

■ Upon the second ground: The suit, as we interpret the petition, was for damages to recover the value of a half interest in certain corporate stock which it was alleged Coleman had converted. In the alternative, Wilson sought to recover the proceeds of the sale of said stock on deposit in a bank at Austin. He did allege that he owned a half interest in the stock, the certificates for which were in his possession in Brown County. If we assume, arguendo, that the petition was sufficient to

638

sustain a judgment for title to an interest in the specific stock, and venue of the action in that regard was properly laid in Brown County, we are clear in the view that the evidence without contradiction supports a finding of the trial court to the effect that Wilson ratified the sale of the stock and was relegated to his right of action for its value or for the proceeds of the sale. The pertinent facts in this regard, substantially stated, were these: The corporation was in financial difficulties; a sale of all its stock and assets was arranged; and the purchase money deposited in the Austin Bank to be distributed to the several stockholders. In addition to the shares in question, Wilson also owned individually 20 shares. He was cognizant of the fact that the sale had been negotiated and the purchase money deposited; and he accepted his portion of the purchase money for the 20 shares he individually owned. He thereupon brought this suit against Coleman, and sued out a writ of garnishment against the bank, which was still holding $3,500 of the purchase money to be paid to Coleman upon his delivering certain deeds and releases. These facts clearly show that he ratified the sale to the extent that he could not recover title to the specific stock.

The order appealed from is affirmed.

Affirmed.