## COKE et al. v. POTTORFF et al.

### No. 13974.

Court of Civil Appeals of Texas.
San Antonio.
May 15, 1940.

Dent Taylor and Jim Weatherby, both of Kerrville, for relators.

Weaver Baker, of Junction, for respondents.

SMITH, Chief Justice.

Christine Coke, in her own behalf and that of her minor daughter, brought suit in the District Court of Bandera County, against George B. Pottorff, for damages for the alleged wrongful death of Bryan L. Coke. The venue of the suit was changed to Kimble County upon Pottorff's plea of privilege. Upon the transfer of the case to Kimble County Pottorff filed an answer and by way of cross-action sought to recover of the plaintiffs damages for alleged malicious institution of the suit.

Thereafter, the plaintiffs below timely filed and presented their motion for leave

to take a nonsuit, "without prejudice to either party, present or future, for the reason that the plaintiff does not at this time desire to press her cause of action, if any." Pottorff, as defendant below, resisted, and the trial judge overruled, the plaintiffs' motion for nonsuit.

Mrs. Coke, for her minor daughter and herself, has now filed in this Court her motion for leave to file an original petition for mandamus to require the judge of the court below to dismiss the cause of action set up by the plaintiffs, in response to their motion for nonsuit. We overrule the motion for leave to file, on the ground that the petition tendered with the motion does not set up probable cause for mandamus.

 It is a general rule that it is reversible error to deny leave to a plaintiff to take a nonsuit upon his cause of action, even in the presence of a cross-action by the defendant; the plaintiff may take a nonsuit in any event, but his doing so will not be permitted to prevent the defendant from proceeding with his cross-action for affirmative relief. 15 Tex.Jur. pp. 236, 243, §§ 3, 10.

An order overruling a plaintiff's motion for leave to take a nonsuit is not itself appealable. 3 Tex.Jur. p. 135, § 70; Texas & P. Ry. Co. v. Ft. Worth St. Ry. Co., 75 Tex. 82, 12 S.W. 977.

Nor is the writ of mandamus available to take the place or perform the office of appeal. 22 Tex.Jur. p. 573, § 32.

For, while it is error upon the part of a trial court to overrule a timely motion for leave to take a nonsuit, mandamus will not lie to compel the trial judge to correct such error. 28 Tex.Jur. p. 579, § 36; Matlock v. Smith, 96 Tex. 211, 71 S.W. 956, 957. "If a judge errs," said Chief Justice Gaines in the cited case, "however palpably erroneous his decision may be, a mandamus is not the remedy for the correction of his error."

Obviously, the remedy of the injured party is to timely make and thenceforward preserve his exception, and present it in an appeal from the final judgment in the case. Cox v. Texas Electric Ry., Tex.Civ.App., 32 S.W.2d 669, affirmed, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11; Cornelius v. Early, Tex.Civ.App., 24 S.W.2d 757, affirmed, 120 Tex. 335, 39 S.W.2d 6; Davis v. Wichita State Bank & Trust Co., Tex.Civ.App., 286 S.W. 584;

Weil v. Abeel, Tex.Civ.App., 206 S.W. 735; Apache Co. v. Watkins & Kelly, Tex.Civ.App., 189 S.W. 1083.

It is apparent from the record that respondent Pottorff resisted the motion for nonsuit in the fear he would be prejudiced by relator's re-filing and prosecuting her suit in some county other than that of the forum; and such purpose on the part of relator may be surmised from the record. But there is no reasonable ground for this fear of respondent, or hope of relator, for venue of relator's cause of action, if any, has been finally adjudicated to be in Kimble County, and the question may not be again litigated. Watson Co. v. Cobb Co., Tex.Com.App., 292 S.W. 174; Dallas Joint-Stock Land Bank v. Webb, Tex.Civ.App., 48 S.W.2d 434.

Relators' motion will be overruled.