## RICHARDSON v. MOHON et al.
### No. 14298.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 21, 1941.

Rehearing Denied Jan. 9, 1942.

W. H. Lucas, of Grapevine, and Frank Ogilvie, of Fort Worth, for appellant.

Callaway & Callaway, of Brownwood, for appellees.

BROWN, Justice.

Appellant sued appellees to recover damages for personal injuries sustained in an automobile collision had in Hood County, Texas, the suit being filed in the district court of such county, on November 21st, 1940.

Appellees filed pleas of privilege to be sued in the county of their respective residences—Comanche County, Texas.

No controverting affidavit having been filed by the plaintiff, the trial court sustained the pleas of privilege and ordered the cause transferred to the district court of Comanche County.

Thereafter, on April 3rd, 1941, appellant again brought his suit, filing same in the district court of Hood County, against appellees on the same cause of action brought theretofore.

Appellees moved to quash the citations because of plaintiff's failure to designate the county of residence of defendants. The petition reads: " * * both of whom reside in Comanche, Texas."

The district court of Hood County convened on April 21st, 1941, and adjourned on May 17th, 1941.

On May 8th, 1941, appellees filed a plea in abatement setting up the fact that this identical cause of action was filed by appellant theretofore, the presentation of pleas of privilege by appellees, that no controverting affidavit was filed by the plaintiff, that the trial court ordered the cause transferred to the district court of Comanche County, and such judgment and order is a valid and subsisting judgment from which no appeal was taken, and that such judgment is res adjudicata of the right of appellant to bring his suit in the district court of Hood County.

On the 10th day of May, 1941, the trial court overruled the said motion to

quash the citation, and on the 17th day of said month sustained the said plea in abatement (the plea of res adjudicata) and in the order used these words: "* * * and said cause is dismissed with prejudice."

From this judgment the plaintiff below appeals.

We shall only discuss a few questions, as they determine the disposition of this cause and a companion suit (David C. Roberts v. John A. Mohon et al., No. 14299 pending before us).·

■ There is no merit in the contention that by filing a motion to quash the citation the defendants have waived their right to file either a plea of privilege or a plea in abatement urging that a former judgment is res adjudicata of the venue issue.

This court, speaking through its then chief justice, Conner, explicitly held that the filing of a plea of privilege first constitutes a waiver of a plea in abatement; citing Graham v. McCarty, 69 Tex. 323, 7 S.W. 342, and Hoffman v. Cleburne Bldg. & Loan Association, 85 Tex. 409, 22 S.W. 154. See Texas & P. R. Co. v. Lynch, Tex.Civ.App., 73 S.W. 65. See, also, F. T. Ramsey & Son v. Cook, Tex.Civ.App., 151 S.W. 346; Kelly v. A. B. Crouch Grain Co., Tex.Civ.App., 174 S.W. 630; Horton v. Lone Star Gas Co., Tex.Civ.App., 19 S.W.2d 617; Wilson v. Coleman, Tex.Civ. App., 125 S.W.2d 637.

■ We hold that the plea in abatement (of res adjudicata) was not filed out of time and that the question of venue was not waived.

■ The plea in abatement, bottomed on the contention that a prior judgment as to venue is res adjudicata, was correctly sustained. Watson Co. v. Cobb Grain Co., Tex.Com.App., 292 S.W. 174; Dallas Joint-Stock Land Bank v. Webb, Tex.Civ. App., 48 S.W.2d 434; Old v. Clark, Tex. Civ.App., 271 S.W. 183; Carter v. Calhoun, Tex.Civ.App., 6 S.W.2d 191.

■ Complaint is made because the trial court dismissed the cause of action "with prejudice".

We believe we understand what the trial court had in mind, namely, to enter an order such that the plaintiff would be deterred from again filing this identical suit in the district court of Hood County.

The trial court should have entered an order dismissing the plaintiff's suit, with prejudice to the right of the plaintiff to file same in the district court of Hood County, but without prejudice to the right of plaintiff to file same in the district court of Comanche County, Texas.

As reformed the judgment is affirmed, and the costs are assessed against the appellant.