## CASSEL v. EDWARDS.

### No. 5422.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1942.

Vickers & Campbell, of Lubbock, for appellant.

Garriott T. Baldwin, of Slaton, for appellee.

JACKSON, Chief Justice.

The record shows that on June 2, 1941 J. S. Edwards as plaintiff instituted suit against V. S. Cassel as defendant in Cause No. 470 in the Justice Court of Precinct No. 2 in Lubbock County, Texas, on a promissory note executed on February 12, 1937 for the principal sum of $100, payable to the order of Gibson Gin Service, Inc., with interest thereon at the rate of 10% per annum from date until paid, and the usual 10% attorneys' fee provision.

Plaintiff for a valuable consideration and before the maturity thereof purchased said note from the Gibson Gin Service, Inc. The justice of the peace issued citation which was served on the defendant requiring him to answer the suit on July 7, 1941. On July 2d, previous to appearance day, the defendant filed his plea of privilege in statutory form to have the case trans-

ferred to Precinct No. 4 in Lamb County, Texas, the county and precinct in which he resided.

On July 7, 1941 plaintiff took a nonsuit and assumed the payment of the costs in justice court.

On August 6, 1941 J. S. Edwards as plaintiff instituted this suit in the County Court of Lubbock County against the defendant, V. S. Cassel, on the same cause of action evidenced by the same note, praying that the defendant be cited to appear and answer at the September term of said county court which convened on September 1st thereafter.

On August 29, 1941 the defendant filed his plea of privilege to have the case transferred to Precinct No. 4 in Lamb County where he resided.

In addition to the plea of privilege the defendant also urged what, in effect, was a plea of res judicata in which he alleged the institution of a suit in justice court by the plaintiff; that the defendant filed his plea of privilege in said justice court; the failure of the plaintiff to controvert such plea but instead took a nonsuit without a hearing on the plea of privilege the same day it was filed and this action in taking the nonsuit is an admission that the plea was good and fixed the venue of any subsequent suit between the same parties involving the same subject matter at the point where it was alleged to be by the defendant in his plea and the court was bound thereby and could enter no order other than to sustain the plea and transfer the case for trial on the merits to Justice Precinct No. 4 in Lamb County, Texas.

The plaintiff filed a controverting affidavit to the defendant's plea of privilege and plea of res judicata the effect of which was to demur to the plea of privilege in county court for its insufficiency and to specially except thereto because the plea failed to allege the post office address of the defendant or his attorney. This exception was sustained and the defendant's plea of privilege overruled, from which action of the court this appeal is prosecuted.

The plea of privilege in county court was filed before Rule 86 of the Rules of Practice and Procedure in Civil Actions promulgated by the Supreme Court of Texas became effective; however, it was not acted on until after the effective date of such rules, September 1, 1941. The plaintiff alleged in his petition in county court that the defendant, V. S. Cassel, resided in Littlefield, Texas, and under the admitted facts we doubt if the defect to which the exception was leveled rendered the plea of privilege invalid but it is unnecessary to determine this question. The plea of privilege filed by defendant Cassel in justice court on July 2, 1941 and the nonsuit by J. S. Edwards on July 7th thereafter we think constituted a valid plea of res judicata in so far as the court's jurisdiction to pass on the plea of privilege was concerned.

In Royal Petroleum Corporation et al. v. McCallum, Judge, et al., 134 Tex. 543, 135 S.W.2d 958, 967, Commissioner German, speaking for the Supreme Court, says: "It appears to be definitely settled by our decisions that the action of plaintiff in the Dallas county suit in dismissing Royal Petroleum Corporation from that suit, after its plea of privilege had been filed, even in the absence of a controverting affidavit, is to be taken as an admission that said plea was good, and had the effect of fixing the venue of any subsequent suit between the parties, involving the same subject matter, in the county where the plea of privilege alleged it rightfully to be. H. H. Watson Co. v. Cobb Grain Co., Tex. Com.App., 292 S.W. 174; First National Bank in Dallas v. Allan B. Hannay, District Judge et al., 123 Tex. 203, 67 S.W.2d 215."

Under the facts admitted and this holding by the Supreme Court in Royal Petroleum Corporation et al. v. McCallum, Judge et al., supra, and the authorities cited therein, appellant's contention is sustained.

The judgment of the trial court is therefore reversed with directions that he transfer the case to Precinct No. 4 in Lamb County, Texas.