**TEMPELMEYER et al. v. BLACKBURN.**

**No. 13419.**

Court of Civil Appeals of Texas. Dallas.
July 23, 1943.

Rehearing Denied Dec. 24, 1943.

Eades & Eades, of Dallas, for appellants.

Golden, Croley & Howell, of Dallas, for appellee.

YOUNG, Justice.

This appeal is from a judgment of the District Court of Grayson County, sustaining plea of privilege of defendant D. E. Blackburn, also his plea of res adjudicata as to venue. The following material facts are pertinent to a disposition thereof: Blackburn, living in Victoria County, is one of the sureties on the $12,000 bond of F. H. Tempelmeyer, as permanent guardian of petitioners. F. H. Tempelmeyer died in 1934 and was succeeded by Melvin E. Tempelmeyer; each having first qualified as temporary guardian and then as permanent guardian, with proceedings concerning same filed and continuing in Grayson County, Texas.

In October, 1941, upon application of plaintiffs for an accounting, the Probate Court of said County entered an order relative to the liability of these guardians; and the suit on its merits was for recovery of the amounts so established against Melvin E. Tempelmeyer and sureties, Trinity Universal Insurance Company and J. V. Conaster, also against Blackburn (appellee,) T. B. Ireland and J. A. Dowling, sureties on the bond of F. H. Tempelmeyer, deceased. Suit on such bonds was originally filed in Dallas County, domicile of the named corporate surety, all other sureties residing in Grayson County, except D. E. Blackburn, the Victoria County resident. Timely pleas of privilege were filed in the Dallas Court by Blackburn, to be sued in the county of his residence; similarly, by sureties Dowling, Ireland and Conaster, claiming venue in their resident county—Grayson. Controverting affidavits were filed by plaintiffs, and trial was had upon the respective pleas before a district court of Dallas County on August 19, 1942. At the conclusion of such hearing and before the court had announced his decision, plaintiffs, through their attorneys, requested a nonsuit as to defendant Blackburn, and judgment was accordingly entered dismissing this party. The remaining venue pleas were sustained and the cause transferred to the District Court of Grayson County, to which action exception was taken and notice of appeal (though not prosecuted).

Upon transfer and filing of the cause in Grayson County, plaintiffs, in first amended petition filed, set up the same cause of action as originally; again impleading D. E. Blackburn, of Victoria County. This defendant, after service, promptly filed his pleas of privilege and res adjudicata, claiming that by reason of the prior proceedings, the District Court of Victoria County had been invested with exclusive jurisdiction of said cause as to him. These pleas were sustained on trial of the issues thus joined, and the instant appeal is predicated on the subsequent order of transfer. Appellee Blackburn relies upon the following Supreme Court decisions in support of the judgment under review: First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 67 S. W.2d 215; Royal Petroleum Co. v. McCallum, 134 Tex. 543, 135 S.W.2d 958; also, H. H. Watson Co. v. Cobb Grain Co., Tex.Com.App., 292 S.W. 174; the Hannay case holding that, "* * * judgment of dismissal upon voluntary nonsuit by the plaintiff, after the filing of a plea

of privilege and a controverting affidavit and before the court has announced his decision on the question of venue, is res adjudicata as to the venue of a subsequent suit on the same cause of action. A plaintiff, who, after filing his controverting affidavit, takes a nonsuit, thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken."

One of the plaintiffs was Eric Eades, Jr., guardian of the person and estate of Charles F. Tempelmeyer, a minor; and the first guardian's bond (F. H. Tempelmeyer's), executed by defendant Blackburn, together with other sureties, was conditioned upon the faithful discharge by the guardian of his duties thereunder, and payable to the County Judge of Grayson County. It is further apparent that, perforce of Arts. 4970–4975, R.S., exclusive jurisdiction of Trinity Universal Insurance Company, corporate surety on the second or Melvin Tempelmeyer bond, was in Grayson County, i. e., where said bond was filed. Bachus v. Foster, Tex. Com.App., 122 S.W.2d 1058. And bearing on the merits of the instant case, but pertinent here, is Art. 4238, R.S., providing, in effect, that when a guardian succeeds another, he shall be required, within certain limitations, to account for all property coming into the hands of his predecessor.

Appellants urge that, despite Blackburn's plea of res adjudicata, he is a necessary party to the Grayson County suit, being jointly and severally liable with all defendants; or otherwise stated in point 9: "The District Court of Grayson County, Texas, being the only court where the defendant, Trinity Universal Insurance Company can be sued on its bond of Melvin E. Tempelmeyer, Guardian, and all of the other defendants, except Blackburn being residents of Grayson County, Texas, and D. Blackburn being jointly liable with other defendants as to a portion of the indebtedness sued for, plaintiffs are entitled to maintain this suit against all parties including D. Blackburn in Grayson County in one action in order to avoid a multiplicity of suits and to enable the Court to grant plaintiffs the complete relief sought and to adjust the equities existing among the sureties themselves."

Manifestly, appellants' cause of action is joint and several, and if same had been originally filed in the Grayson County forum, venue over all defendants could have been successfully maintained. Plaintiffs did not do this; on the other hand, having themselves brought about the legal situation of which they complain,—first, by mistaken lodgment of suit in Dallas County, and second, by subsequent dismissal of Blackburn after joinder of issues on the venue plea. The rule of res adjudicata, as broadly stated in First Nat. Bank v. Hannay and Royal Petroleum Co. v. McCallum, supra, when applicable, appears to admit of no exceptions. And if the voluntary dismissal of defendant after plea of privilege is res adjudicata of venue in the same cause later filed against him in another county, likewise, we think, the rule of former adjudication would apply to the same suit transferred to the district court of another county.

Appellants argue that the dismissal merely bars them from further litigation in Dallas County; the same point being raised and overruled in Carter v. Calhoun, Tex.Civ.App., 6 S.W.2d 191; and in Humble Oil & Refining Co. v. Pettaway, Tex.Civ.App., 76 S.W.2d 1069, different counties were involved. Among appellate decisions analogous in principle are: Murphy v. India Tire & Rubber Co., Tex. Civ.App., 27 S.W.2d 1110; Scott v. Clark, Tex.Civ.App., 38 S.W.2d 382; Dallas Joint-Stock Land Bank v. Webb, Tex.Civ. App., 48 S.W.2d 434; Price v. Lovejoy, Tex.Civ.App., 88 S.W.2d 785; Coke v. Pottorff, Tex.Civ.App., 140 S.W.2d 586; Richardson v. Mohon, Tex.Civ.App., 157 S.W.2d 655; Cassel v. Edwards, Tex.Civ. App., 161 S.W.2d 362.

The further contention is made that plaintiffs' nonsuit is surely not res adjudicata with respect to the rights of Charles H. Tempelmeyer, a minor, who cannot be thereby prejudiced by the acts or omissions of his representatives. The dismissal in question was ordered and sanctioned by the court after a hearing on appellee's venue plea, Rainey v. Chambers, 56 Tex. 17; thus becoming a lawful act of the guardian, by which the ward was bound. Art. 4164, Vernon's Civ.St.; Dancy v. Stricklinge, 15 Tex. 557, 65 Am.Dec. 179; Clayton v. McKinnon, 54 Tex. 206.

The judgment appealed from must be in all respects affirmed.

Affirmed.

LOONEY, J., dissents.

LOONEY, Justice.

The question involved on this appeal is one of venue. Associate Justice YOUNG, speaking for the majority, has made a clear, understandable statement of the case. My dissent is based on the conviction that the majority erred in applying to the instant case the doctrine of res adjudicata, as announced by the Supreme Court in First National Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215, and reannounced in Royal Pet. Co. v. McCallum, 134 Tex. 543, 135 S.W.2d 958-967.

As stated in the majority opinion, the suit was originally instituted in the District Court of Dallas County. Appellee, Blackburn, one of the defendants, filed a plea of privilege to be sued in Victoria County, where he resided; other defendants also filed pleas of privilege to be sued in Grayson County, where they resided. Appellants contested these pleas; trial was had thereon, but before the court announced a decision, appellants took a nonsuit as to appellee, Blackburn; venue as to other defendants was changed and the case transferred to the District Court of Grayson County, where the guardianship proceedings involved were pending. After the case reached the docket of the District Court of Grayson County, appellants amended their original petition, alleged the same cause of action and again impleaded appellee, who, after being cited, interposed a plea of privilege, also plead the prior proceedings had in the District Court of Dallas County as res' adjudicata of the question of venue involved. The trial court sustained this contention, changed the venue of the case as to Blackburn, to Victoria County, which on appeal was affirmed by the majority, on authority of the doctrine of res adjudicata, announced by the Supreme Court in the cases above cited.

Examination of the Hannay case reveals that, after a nonsuit was taken, the second suit based on the same cause of action against same defendant was filed in another District Court of same county, presenting identical issues as to the merits, also as to venue; with reference to which, the Supreme Court said: "* * * judgment of dismissal upon voluntary nonsuit by the plaintiff, after the filing of a plea of privilege and a controverting affidavit and before the court has announced his decision on the question of venue, is res adjudicata as to the venue of a subsequent suit on the same cause of action, * * *," and in the later case of Royal Pet. Co. v. McCallum, the Supreme Court, adopting an opinion by Judge Garman, reiterated the same doctrine. It is perfectly obvious that the subsequent proceedings had in these cases, to which the doctrine of res adjudicata was applied, and with reference to which the court used the general language employed, occurred in the District Court of the county where the original suits were instituted, hence presented identical issues, as to venue, which the court held were adjudicated against plaintiffs by the nonsuits taken in the original proceeding.

I find no fault with the rule announced in these cases, however, believe that the general language employed was with reference to the cases then under consideration, that is, in saying that taking of a nonsuit by plaintiff under the circumstances mentioned "had the effect of fixing the venue of any subsequent suit between' the parties involving the same subject-matter, in the county where the plea of privilege alleged it rightfully to be," means a subsequent suit between same parties, involving same subject-matter, instituted in same county where the original suit was instituted. To hold that such a proceeding should be given the effect of fixing venue of any subsequent suit between the parties involving same subject-matter, wherever the suit might be instituted, would in my opinion extend the doctrine of res adjudicata beyond all reasonable bounds; in effect, would be to hold adjudicated venue issues in no manner involved in the original proceedings. Discovering that a mistake has been made as to venue, a plaintiff, in my opinion, has the undoubted right to take a nonsuit and refile in a county of proper venue. That is precisely what took place in the instant case; as the majority opinion says: "Manifestly, appellants' cause of action is joint and several, and if same had been originally filed in the Grayson County forum, venue over all defendants could have been successfully maintained."

Upon what is the doctrine of res adjudicata based? Stated in 26 Tex.Jur.

p. 11, § 353, "* * * The general principle, announced in numerous cases, is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies. * * *" What was the question or fact, directly put in issue and determined by the proceedings had in the District Court of Dallas County? In his plea of privilege, after necessary allegations in regard to residence, appellee was required to allege, under oath, that no exception to exclusive venue in the county of his residence existed, authorizing the suit against him in Dallas County, and in their contest, appellants were required to allege, under oath, the fact or facts relied upon to confer venue of such cause on the court where the cause was pending. See Art. 2007, R.C.S. Thus, the statute defines the issue to be determined on such a contest, that is, the existence whether or not of a fact or facts constituting an exception to exclusive venue in the county of defendant's residence, authorizing the institution of the suit against him in Dallas County. To extend the doctrine of res adjudicata, obviously as was done by the majority, so as to comprehend the determination, not only of venue issues pertaining to the original suit instituted in Dallas County, but also issues peculiar to the second suit instituted in Grayson County, in my opinion, enlarges the scope of the statutory issue and does violence to the fundamental principle upon which the doctrine of res adjudicata is based.

For the reasons stated, I think the trial court erred in sustaining appellee's plea and in changing the venue of the cause to Victoria County, hence believe the judgment below should have been reversed and the cause remanded for further proceedings.

On Motion for Rehearing.

YOUNG, Justice.

This motion has been stayed, pending certification to the Supreme Court of a law point material to the controversy. The question certified is set forth in Supreme Court opinion of date November 24, 1943 (175 S.W.2d 222), and is given an affirmative answer. Our majority opinion being entirely consistent therewith, appellants' motion for rehearing must be overruled.