**SEGUIN TRAILERS, INC., Appellant,**

v.

**SULLAIR OF HOUSTON, INC.,**
**Appellee.**

**No. 6715.**

Court of Civil Appeals of Texas,
El Paso.

Feb. 15, 1978.

Hardberger, Branton & Herrera, Inc., James L. Branton, Paul Andrew Mireles, San Antonio, for appellant.

Charles J. Michael, Houston, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a plea of privilege case wherein Appellee's plea of privilege to be sued in Harris County was granted and the suit was transferred from Guadalupe County. Involved is the rule that a voluntary non-suit after the filing of a plea of privilege fixes the venue of any subsequent suit between the parties involving the same subject matter in the County of the defendant's residence. We affirm the judgment of the trial Court.

Appellant first filed this action in Bexar County and, upon the filing of Appellee's plea of privilege, a non-suit was promptly filed and the matter was refiled in Guadalupe County. At the hearing from which this appeal is taken, Appellee moved that the non-suit in the prior cause filed in Bexar County was res judicata to the issue of venue in Guadalupe County. Before ruling on Appellee's motion, the trial Court permitted testimony by the attorney for Appellant that he accidentally filed the suit in Bexar County, and that such mistake was due to an accidental and good faith administrative error that occurred in his office. The trial Court then sustained the plea of privilege by granting Appellee's motion and not hearing evidence on the merits of the venue case.

The general rule is that if the plaintiff takes a non-suit while the defendant's plea of privilege is pending, the effect of the dismissal is an admission that the defendant's plea of privilege is good and venue of the subject matter between the same parties is conclusively established to be in the County of the defendant's residence. *Royal Petroleum Corporation v. McCallum*, 134 Tex. 543, 135 S.W.2d 958 (1940); *Tempelmeyer v. Blackburn*, 141 Tex. 600, 175 S.W.2d 222 (1943). The Appellant seeks to avoid the general rule by pointing out that its non-suit was taken at a point when the only thing before the Court was the defendant's plea of privilege, that it never filed a controverting affidavit, and no decision was ever made by the Court in the first case on the venue question. From our review of the cases applying the general rule, we conclude that it becomes applicable at anytime after the filing of the plea of privilege, if plaintiff takes a non-suit. In *Royal Petroleum Corporation v. McCallum*, supra, the rule was applied where the plaintiff had taken a non-suit two days after the plea of privilege was filed without controverting such plea. Other cases applying the rule where the non-suit was taken prior to the filing of a controverting affidavit are: *Dallas Joint-Stock Land Bank v. Webb*, 48 S.W.2d 434 (Tex.Civ.App.—San Antonio 1932, writ dism'd); *Humble Oil & Refining Co. v. Pettaway*, 76 S.W.2d 1069 (Tex.Civ.App.—

Texarkana 1934, no writ); *Cassel v. Edwards,* 161 S.W.2d 362 (Tex.Civ.App.—Amarillo 1942, no writ); *Slack v. Allen Military Academy,* 289 S.W.2d 783 (Tex.Civ. App.—Waco 1956, writ dism'd). An exhaustive review of the rule and its application from the time of non-suit after the filing of the plea of privilege to non-suit while on appeal is found in 85 A.L.R.2d 993.

Much of what Appellant urges here comes from the dissenting opinion of Justice Looney in *Tempelmeyer v. Blackburn,* supra, when that case was before the Dallas Court of Civil Appeals. 176 S.W.2d 582 (1943). That case was appealed to the Commission of Appeals, and in an opinion adopted by the Supreme Court, Justice Looney's views were not upheld, the Court using language that is applicable here:

> "A statutory plea of privilege is more than a pleading. It is prima facie proof of the defendant's right to have the venue changed from the county in which the suit was filed to the county named in the plea. Art. 2007, Vernon's Texas Statutes, Rule 86, Rules of Civil Procedure. When the appellants took a nonsuit as against appellee they thereby abandoned their contest of his plea of privilege and made the admission in court that it was well taken. * * * *"

In answer to a certified question, the Commission of Appeals also ruled on a situation existing here. It held that the rule applied even though the refiling of the case was in a different County.

There being no findings of fact and conclusions of law, it must be presumed that the Court found against Appellant that the filing of the suit in Bexar County was accidental. We conclude that even if we assume the filing was accidental, it does not excuse the application of the rule. The judgment of the trial Court is affirmed.